DAVID H. SPRADLIN and VERNON EDWARD SPRADLIN V. STATE

No. 25580. November 28, 1951.
Rehearing Denied January 9, 1952.
Appellant's Second Motion for Rehearing Denied (Without Written
Opinion) January 30, 1952.

Hon. Sam B. Hall, Judge Presiding.

*Harvey P. Shead,* Longview, for appellant.

*R. L. Whitehead,* Criminal District Attorney, Longview, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellants were each indicted for robbery with firearms, the alleged injured party being Sam Estabrooks.

The state dismissed that portion of the indictments which alleged the use of firearms, and by agreement, the causes were jointly tried before the same jury. A verdict of guilty was returned against each appellant with punishment assessed at 5 years in the penitentiary.

Appellant David H. Spradlin has filed his affidavit requesting that his appeal be dismissed.

The application to dismiss is granted and the appeal insofar as David H. Spradlin is concerned is dismissed.

On July 7, 1951, Sam Estabrooks came to Longview with two other airmen. As they were walking down the street, appellants, Vernon Edward Spradlin, David H. Spradlin, and a companion drove up in a pick-up truck and invited the three airmen to ride with them to "Club 80."

Estabrooks and his companions then got in the pick-up and were driven by Club 80 and out a dirt road. They noticed that they were being followed by a car with four or five occupants, and as the pick-up truck stopped, the airmen jumped out and ran.

Estabrooks stopped when he heard some shots fired. He testified:

"* * * We were riding along on this dirt road, and had put our money in our shoes, and they pulled over in the pick-up truck, stopped and we got out and ran. My two friends ran in one direction and I in another, and there was some shooting. Nothing was said to me at the time of the shooting, but I stopped. They just came up, I can't say which one came up, I don't know, it was pretty dark. When they came up they said: "well, just put up your hands" and they reached in my pocket and more or less searched me. I didn't know right then what they got out of my pocket, but later discovered that they got my lighter and bill fold. After a while I asked for it back. They said they had mistaken me for some other person out of LaTourneau, and was sorry it had to happen. And, I said "if you have the wrong person, can I have my lighter and bill fold" and then a shot was fired, and I didn't know anything about a lighter or bill fold. Then, they just got in the car, took me down the road about a quarter of a mile, and I got out and walked on the highway, and came and reported it to the Sheriff's office. * * *"

Duane Nolen, the driver of the second car, testified that the shots were fired by David Spradlin, and that the Air Force boy who stopped was searched; that following the search he asked David to give him back his cigarette lighter, in reply to which David pointed his rifle at the boy and said, "You didn't

lose a cigarette lighter, did you?" and the Air Force boy said, "No."

The witness Nolen was indicted also for the robbery of Estabrooks and the trial court instructed the jury that he was an accomplice.

Bill of Exception No. 1 complains of certain remarks of the district attorney in his closing argument wherein he said, "If you think that those three soldiers serving their country should come in here and be robbed by punks like that, then go out and write that kind of verdict." The bill further reflects that the district attorney repeated his reference to appellants as "punks," and urged that the jury should believe Estabrooks rather than appellants.

The trial court, in response to appellant's objection, instructed the jury to disregard that part of the argument where the district attorney "refers to these boys as punks," and appellant reserved his exception.

No request appears to have been made to have the jury instructed to disregard any further part of the argument, and no motion was made for mistrial because of the argument.

Also the jury assessed the minimum punishment.

The bill is therefore deficient and shows no reversible error.

It is next urged that since Estabrooks did not identify the party who searched him, the testimony is insufficient to sustain a conviction.

We overrule this contention.

We also overrule the further contention that there is not sufficient evidence to corroborate the testimony of the accomplice witness Nolen.

As we view the evidence, the jury was warranted in finding that appellant acted as a principal with David H. Spradlin in the commission of the offense.

No error appearing, the judgment is affirmed.

Opinion approved by the court.

## ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant again forcefully contends that the testimony of the accomplice witness was not corroborated, and we have re-examined the record in the light of this contention. The injured party Estabrooks and the witness Vornkahl identified the appellant as one of the men in the pick-up who gave him the "ride" to the scene of the robbery. Even though, because of darkness, Estabrooks was unable to identify the one who actually pointed the gun at him at the time the property was taken from his person, we think the evidence is clear that appellant participated in the robbery as a principal.

It will be noted that the court instructed the jury not to consider a portion of the attorney's argument objected to, and no further request to the court appears to have been made. For the appellant to here complain, he must show that he called upon the trial court to act and that the court failed to respond.

Appellant's motion for rehearing is overruled.