**The STATE of North Dakota, Plaintiff and Respondent,**

v.

**Kenneth NICOLA, Defendant and Appellant.**

**Crim. No. 407.**

Supreme Court of North Dakota.

Jan. 20, 1971.

Helgi Johanneson, Atty. Gen., John E. Adams, Asst. Atty. Gen., and William G. Engelter, Asst. State's Atty., Bismarck, for plaintiff and respondent State of North Dakota.

Zuger, Bucklin, Kelsch & Zuger, Bismarck, for defendant and appellant.

STRUTZ, Chief Justice.

The defendant was charged with the crime of desecrating a flag of the United States, committed by allegedly exposing to public view a representation of the flag of the United States upon which there was found a "peace" symbol on the field of blue where the stars representing the States of the Union normally appear. He was tried before the Honorable W. J. Austin, judge of the Burleigh County Court of Increased Jurisdiction, and was found guil-

ty. From the judgment of conviction and from the order denying his motion for new trial, the defendant has appealed to this court.

In support of his appeal, the defendant has served certain specifications of error, one of wich is:

"2. That the verdict is contrary to law or clearly against the evidence.

"(a) the evidence clearly established that the exhibits offered and received which defendant exposed to view and sold were not flags of the U. S., but were peace symbols only.

"(b) that if the statutes Sections 12–07–05 and 12–07–04 NDCC are interpreted to apply to a peace symbol, they are unconstitutional and a violation of the first amendment rights of the defendant."

Sections 12–07–04 and 12–07–05 read as follows:

"12–07–04. Desecration of flag—Punishment.—Any person who, in any manner, for exhibition or display, shall place or cause to be placed, any word, figure, number, mark, inscription, picture, design, device, symbol, token, notice, drawing, or any advertisement of any nature whatever upon any flag, standard, color, or ensign of the United States, or shall expose or cause to be exposed to public view any such flag, standard, color, or ensign of the United States upon which shall be printed, painted, or otherwise placed, or to which shall be attached, appended, affixed, or annexed any word, figure, number, mark, inscription, picture, design, device, symbol, token, notice, drawing, or any advertisement of any nature or kind whatever, or who shall expose to public view, manufacture, sell, expose for sale, or have in possession for sale or for use any article or substance which is an article of merchandise or a receptacle therefor upon which shall have been printed, painted, attached, or otherwise placed a represen-

tation of any such flag, standard, color, or ensign of the United States to advertise, call attention to, decorate, ornament, mark, or distinguish the article or thing on which it is placed, or who publicly shall mutilate, trample upon, deface, defy, defile, or cast contempt either by word or act upon any such flag, standard, color, or ensign of the United States, shall be guilty of a misdemeanor and shall be punished by a fine of not less than five dollars nor more than twenty-five dollars, or by imprisonment in the county jail for not more than thirty days, or by both such fine and imprisonment."

"12–07–05. Definition of flag.—The words 'flag,' 'standard,' 'color,' or 'ensign of the United States' shall include any flag, standard, color, ensign, or representation of a flag, standard, color, or ensign, or a picture of a flag, standard, color, or ensign made of any substance whatever, and of any size whatever, evidently purporting to be the flag, standard, color, ensign of the United States, or a picture, or a representation thereof, upon which shall be shown the colors, the stars and stripes of whatever number, by which the person seeing the same, without deliberation, may believe the same to represent the flag, or the colors, or the standard or the ensign of the United States of America."

The flag which the defendant displayed and exposed to public view was a flag with thirteen stripes, seven red and six white, appearing alternately. A blue field appears in the upper left corner of the flag, where there is found a "peace" symbol but no stars as in a United States flag.

The law prohibits the desecration of a flag of the United States or a representation of such flag by placing upon it or attaching to it in any manner—

"* * * any word, figure, number, mark, inscription, picture, design, device, symbol, token, notice, drawing, or any advertisement of any nature * * *."

The defendant strenuously asserts that he never has "placed" the "peace" symbol on or attached it to a flag of the United States or upon anything representing a flag of the United States, because the flag in question never was a flag of the United States. He concedes that, had it been a flag of the United States at any time, and thereafter was altered or changed by placing upon it the "peace" symbol, the law clearly would have been violated. But, argues the defendant, the flag before us never was a flag of the United States, and therefore it could not be desecrated.

We have researched decisions in other jurisdictions which involve the desecration of the flag, and we concur in the results reached in most of them. In Joyce v. United States, 259 A.2d 363 (D.C.App. 1969), the defendant took an American flag off a wooden post, tore it, and tied its pieces to his index finger and raised his hand with index and middle fingers in a V-position, waving it over his head. The court upheld the defendant's conviction.

In People v. Cowgill, 274 Cal.App.2d Supp. 923, 78 Cal.Rptr. 853 (1969), the California court upheld the conviction of the defendant for publicly mutilating, defacing, and defiling a flag of the United States when he caused such flag to be cut up and sewn into a vest, and then wore the vest on the street.

In People v. Radich, 26 N.Y.2d 114, 308 N.Y.S.2d 846, 257 N.E.2d 30 (1970), the defendant was convicted of desecrating the flag of the United States after he had had the flag made into the form of a human body and had hung the body from a yellow noose.

In all of the above cases, it will be noted, the defendant desecrated or mutilated a flag that admittedly was a flag of the United States. In the case before us, however, the flag was manufactured as something entirely different from a United States flag. The purpose of our law is to prohibit any disfiguration of the United States flag. It is the flag itself which the law seeks to protect from desecration. The law does not attempt to protect any flag which happens to have a prevailing idea or scheme of red and white stripes. It is obvious that we would not pledge allegiance to the flag which is before us in this case. That being true, we cannot consider it a flag of our country for purposes of this prosecution.

We find that the flag of the United States was not desecrated by the defendant, nor was a representation of such flag desecrated. The flags displayed never were flags of the United States, nor did they purport to be. Therefore, we must reverse the conviction of the defendant. Since the conviction is reversed, the other specification of error urged by the defendant need not be considered.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.