Melvin Lee SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 44165.

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Rehearing Denied Dec. 14, 1971.

Robert M. Jones, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a robbery conviction where the punishment was assessed at 60 years by the court following a guilty verdict.

The sufficiency of the evidence is not challenged.

At the outset appellant does contend the court erred in permitting his in-court identification by the complaining witness Mildred Seabourn, a checker in the store where the robbery occurred, and by Mary Ann Jordan, wife of the store owner who was also employed there at the time of the alleged offense. It is his contention that their in-court identification was tainted by an "overly suggestive lineup."

Prior to permitting such in-court identification the careful trial judge followed the procedure recommended by this court in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842. After such separate hearing in the jury's absence he dictated his findings into the record, noting that each witness had an adequate opportunity to observe the appellant during the course of the robbery and that their identification was based on such observations and not tainted by any lineup or display of photographs. The record clearly supports the findings of the trial judge. Ground of error #1 is overruled.

Next the appellant contends in his brief that

"II

"The Court erred in admitting evidence obtained by an illegal search and seizure.

"III

"The Court erred in overruling appellant's objections to leading questions by State's counsel."

These grounds of error are unbriefed and the appellant does not designate what portion of the record to which he even has reference. Error has not been properly assigned as required by Article 40.09, Sec. 9, Vernon's Ann.C.C.P. This court with its tremendous caseload should not be required to search through a voluminous record hoping to discover the court's actions to which appellant might possibly have reference. McElroy v. State, Tex.Cr.App., 455 S.W.2d 223; Erwin v. State, Tex.Cr.App., 463 S.W.2d 13; Frey v. State, Tex.Cr. App., 466 S.W.2d 576. Nothing is presented for review.

The judgment is affirmed.

ROBERTS, J., not participating.