## Richmond

RONALD HERRICK v. COMMONWEALTH OF VIRGINIA.

April 24, 1972.

Record No. 7872.

Present, All the Justices.

*Stanley E. Sacks; Filmore E. Rose* (*Sacks, Sacks & Tavss*, on brief), for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

Ronald Thomas Herrick was convicted of violating Code § 18.1-424 of the Uniform Flag Act. The jury fixed his punishment at confinement in jail for thirty days and a fine of $250. Judgment was entered in accordance with the jury's verdict. We granted Herrick a writ of error.

When arrested, Herrick was displaying a flag similar to the United States flag on the front of his business establishment. This flag was manufactured by the United States Flag and Signal Company at the direction of Herrick and according to his specifications. It is approximately three feet by five feet and has thirteen stripes, six white and seven red appearing alternately. In the upper left corner is a blue field with twenty-six stars of two different sizes arranged in the

configuration of a peace symbol. At no time was this flag an actual or official flag of the United States.

Code § 18.1-424 provides:

"No person shall, in any manner, for exhibition or display * * * (2) Expose to public view any such flag, standard, color, ensign or shield upon which shall have been printed, painted or otherwise produced, or to which shall have been attached, appended, affixed or annexed, any such word, figure, mark, picture, design, drawing or advertisement; * * *."

Code § 18.1-423 defines a flag covered by the Act. That section reads:

"The words flag, standard, color, ensign or shield, as used in this article, shall include any flag, standard, color, ensign or shield, or copy, picture or representation thereof, made of any substance or represented or produced thereon, and of any size, evidently purporting to be such flag, standard, color, ensign or shield of the United States, or of this State, or a copy, picture or representation thereof."

Herrick contends the flag he displayed was not a flag that is protected by the Uniform Flag Act. He further contends that if it is so protected, then the Act, both on its face and as applied, is unconstitutional.

*North Dakota* v. *Nicola*, 182 N.W.2d 870 (N.D. 1971), involved a situation nearly identical to the case at bar. Nicola was convicted of desecrating a flag of the United States by exposing to public view a representation of the United States flag upon which had been affixed a peace symbol. The language of the North Dakota statute prohibits the same acts as does the Virginia statute.

The flag in *Nicola* was like the flag in this case except the peace symbol was not made of stars. Also, like the flag in this case, the flag in *Nicola* was never an actual flag of the United States. The Supreme Court of North Dakota reversed Nicola's conviction on the ground that the flag he exposed to public view never was a flag of the United States nor did it purport to be. The court said: "The purpose of our law is to prohibit any disfiguration of the United States flag. It is the flag itself which the law seeks to protect from desecration." 182 N.W.2d at 872.

Herrick's alleged violation of the Act is that he exposed to public view a flag of the United States or one evidently purporting to be such a flag *upon which was affixed a figure or design commonly known as a peace symbol.* Thus, in order to affirm his conviction we must hold that a flag with the requisite number of alternating red and white stripes with a blue field in the upper left corner on which there are no stars is a flag covered by the Act. Obviously, a flag of this nature is not an actual United States flag. Neither does it evidently purport to be such a flag. A flag with red and white stripes and a blank blue field in the upper left corner is admittedly similar to a United States flag, but even to a casual observer it would not, in our view, purport to be a flag of the United States.

Having reached this conclusion, we need not consider the constitutional question presented.

*Reversed and dismissed.*