Glen VAN SLYKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45490.

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Stuart M. Nelkin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and I. D. McMasters, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for insult to the flag of the United States under Article 152, Vernon's Ann.P.C.; punishment was assessed by the court at eight years, probated. (See also companion cases, Case v. State, Tex.Cr.App., 489 S.W.2d 593 and Holland v. State, Tex.Cr.App., 489 S.W.2d 594.)

The evidence shows that at approximately 1:00 A.M. on May 1, 1970, a number of people were in the Commons[1] at Baker College on the Rice University campus in Houston. At this time some people were studying and others were milling around in the dining room area. The appellant and several others, including Bill Holland and Bill Case, were sitting in chairs on a platform within the Commons that had been placed there for the production of a play.

Sidney James Drouilhet, a Rice University student, stopped by to talk to the appellant and his friends and they started making remarks about desecrating the flag. Drouilhet saw Bill Case take the flag of the United States and drape it around his shoulders. Those on the platform started making remarks on how to desecrate the flag and Bill Holland took the flag from Case and threw it down on the floor and said he was going to pour grape drink all over it. He then stated, "No I wont. I'll stomp on it instead." Holland then stomped on the flag.

Then the appellant took the flag and began blowing his nose on it. He did this by taking the flag in one hand, raising it to his nose, wrapped a part of it around his nose and blew as one would blow his nose on a handkerchief. At this point, Drouilhet told appellant and the others that what they were doing was illegal and if they continued he would have to turn them in. They started laughing and making derogatory remarks about Drouilhet, after which the appellant blew his nose on the flag again. Thereafter, Drouilhet testified as follows:

"A. Mr. Van Slyke said, 'I am going to beat off on the Flag', and then he stood up and removed his shirt and sat back down in the chair which he had been sitting in and he had the Flag in one of his hands and at this time he began unzipping his pants and after he almost completed that he took the Flag in one of his hands and began raising it up toward the top of his pants—

Q. Toward his belt line?

A. Yes sir. While he continued unzipping his pants and then he maintained control—he kept hold of the Flag with one of his hands and then he took the other hand and he put it underneath the Flag and from the movements and the shapes and bulges that one could decern (sic)

[1]. The Commons is a lounge-dining area with sofas, chairs, tables, and a piano located therein and it is a place where people eat and study.

there was no mistaking the fact that he was actually rubbing his genitals on the Flag. . . .

. . . . . .

A. Yes, sir, before he had done any of that, before he had even started unzipping his pants, he had taken the Flag in his hand and he brought it over to his crotch and he grabbed the Flag in his hand he squeezed it into his crotch and began making faces like he thought it was a pleasurable experience.

. . . . . .

Q. And when he said, 'I am going to beat off on this flag', did this convey to you what his intentions were?

A. Yes sir. To beat off is slang for to masturbate.

Q. And then that statement was followed by his actions you have already described?

A. Yes sir.

Q. All right, after that what happened next?

A. Well, while he was doing that I kept telling them that what they were doing was illegal and I started to trying and take the Flag away from him, but I sort of tugged on it but I didn't pull any further because I didn't want to provoke any kind of physical fight, and all the time they kept making derogatory remarks, shouting out things like, 'Urinate, urinate, urinate on it', over and over.

Q. This was coming from the crowd as a whole, is that correct?

A. Not everybody in the Commons, just the people that were there with Mr. Van Slyke, that were there on the stage.

Q. Once again, who were the people with Mr. Van Slyke on the stage?

A. Okay. Mr. Van Slyke, Mr. Case, Mr. Holland, . . . . "

Appellant, testifying in his own behalf, stated that at the time in question he was sitting on the stage and drinking wine. He denied that he blew his nose on the flag and claimed that he feigned the action. He denied that he rubbed his genitals under the flag. He also contended that he did not know that the material was a flag of the United States, that he thought at the time it was not, but that it was possible that it was.

Appellant's first four grounds of error attack the constitutionality of Article 152, V.A.P.C., which provides:

"Any person who shall within this State, publicly *or privately,* mutilate, deface, defile, defy, tramp upon, or cast contempt upon, *either* by *word or* act any flag, standard, color, or ensign of the United States, or that of any of its officers, or on any imitation of either of them, shall be confined in the penitentiary not less than two nor more than twenty-five years."

We were confronted with this contention in the recent cases of Delorme v. State, Tex.Cr.App., 488 S.W.2d 808 (1973) and Deeds v. State, Tex.Cr.App., 474 S.W. 2d 718. And, as in Deeds v. State, supra, the facts in the instant case show acts that constitute "the type of hardcore conduct which would be prohibited under any construction which we might give the statute." Nevertheless, in Delorme v. State, supra, we interpreted the statute, omitting the emphasized words shown above, to make it valid. We adhere to that interpretation herein and overrule appellant's first four grounds of error.

The fifth ground of error asserts that:

"The Trial Court erred in failing to grant appellant's Motion in Limine to re-

strain the State from mentioning any of the acts engaged in by William Holland and Bill Case on or about the night of May 1, 1970, inasmuch as these acts are irrelevant to this proceeding and wholly prejudicial to the Defendant, GLEN VAN SLYKE, especially with reference to the alleged stomping and spitting on the flag of the United States by William Holland and Bill Case."

■ The acts complained of in this ground of error were admissible as res gestae of the offense. Buster v. State, Tex.Cr.App., 470 S.W.2d 887; Nash v. State, Tex.Cr.App., 467 S.W.2d 414.

Ground of error number five is overruled.

Finally, by ground of error number six, appellant complains of the court's refusal to submit to the jury the following requested charge:

"You are further instructed that the term 'flag of the United States' as used herein means any flag made of any material whatsoever which shall have thirteen horizontal stripes, alternate red and white, and a union consisting of white stars on a blue field."

The court's charge to the jury defines the "flag" as follows:

"The word 'flag' as used in this charge means any flag made of or represented on any substance, and of any size, purporting to be the flag of the United States of America, or a picture or representation thereof upon which shall be shown the colors, the stars and the stripes in any number by which one seeing the same without deliberation may believe the same to represent the flag of the United States of America."

■ The court did not err in the charge given. See Article 148, V.A.P.C. See also 18 U.S.C.A., Section 700(b).

Ground of error number six is overruled.

Finding no reversible error, the judgment is affirmed.