David Edmanson RENN, Appellant,

v.

The STATE of Texas, Appellee.

No. 45975.

Court of Criminal Appeals of Texas.

March 14, 1973.

On Rehearing June 20, 1973.

---

1. Tebo v. State, 133 Tex.Cr.R. 61, 106 S.W.2d 712 (1937); McGee v. State, supra.

Stanley I. Weinberg, Tim K. Banner, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

———◆———

## OPINION

MORRISON, Judge.

The offense is the casting of contempt upon the flag of the United States. The jury assessed punishment at ten (10) years imprisonment and appellant was placed on probation as required by the jury's recommendation.

The record reflects that on June 14, 1970, Flag Day, appellant displayed a flag, from the second floor porch of a two story residence, on which the field of stars had been replaced by a peace symbol.

■ The first two grounds of error challenge the constitutionality of Article 152, Vernon's Ann.P.C. These contentions were answered adversely to appellant in our recent opinion in Delorme v. State, Tex.Cr.App., 488 S.W.2d 808, which we hold to be retroactive so as to apply to the case at bar which was tried prior to our decision in Delorme v. State, supra. See also Van Slyke v. State, Tex.Cr.App., 489 S.W.2d 590, and Deeds v. State, Tex.Cr. App., 474 S.W.2d 718.

■ Appellant's third ground of error contends that the displaying of the flag of the United States is not an act within the ambit of Article 152, supra. Appellant's argument that since his testimony established that the removal of the stars by the use of a razorblade and the sewing of the peace symbol in lieu of the stars was done in private it constituted a private act and is, therefore, outside the reach of Article 152, supra, is without merit. The display of the flag, so mutilated, is the act which is punishable by Article 152, supra.

Appellant's next three grounds of error challenge the sufficiency of the evidence. Appellant contends the evidence is insufficient to show that he displayed a flag of the United States, that he cast contempt upon the flag of the United States, or that he intended to cast contempt upon the flag of the United States.

■ It is undisputed that appellant removed the stars from a field of blue on the flag of the United States, that he then sewed a peace symbol, of his own design, in its place and that he then displayed the flag where it would be visible from a public street in the city of Dallas. This act so committed constitutes a violation of Article 152, supra. Compare State v. Nicola, N. D., 182 N.W.2d 870.

■ Appellant next contends that the court erred in granting the State's motion to strike from the indictment the words "by words and".[1] In Delorme v. State, supra, this Court concluded that these very words were not essential to a valid definition of the crime here involved. Such being so, they are no longer to be considered words of substance which may not be deleted by the terms of Article 28.10, Vernon's Ann.C.C.P.

Appellant's last ground of error is not briefed and, therefore, not in compliance with Article 40.09, Section 9, V.A.C.C.P. Nothing is presented for review. McCary v. State, Tex.Cr.App., 477 S.W.2d 624; Smith v. State, Tex.Cr.App., 473 S.W.2d 216; and Thomas v. State, Tex.Cr.App., 468 S.W.2d 90.

The judgment is reformed to reflect a conviction for casting of contempt upon the flag, and as reformed is affirmed.

ODOM, Judge (dissenting).

I do not agree that the evidence is sufficient to support the verdict in this cause. At most, the evidence shows that a flag was displayed from a second floor balcony where it would be visible from a public street in the City of Dallas. The stars had been removed from the flag and symbols sewed in the locations where the stars had been; however, the testimony shows that this act was done in another state and, therefore, there was no desecration of the flag in the State of Texas.

The displaying of the flag where it could be seen from the street was certainly not in good taste, but I submit that such act did not cast contempt upon the flag.

I would reverse the conviction and remand the cause to the trial court.

1. The indictment, as amended, reads, in part:
   " . . . did then and there unlawfully ~~by words and~~ by acts publicly

ROBERTS, J., joins in this dissent.

OPINION

ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

■ On rehearing, appellant relies upon his last ground of error which was not considered in the original opinion because of noncompliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P. He now strenuously argues this ground of error and urges that his case should be reversed for prosecutorial misconduct just as Stein v. State, Tex.Cr.App., 492 S.W.2d 548, was reversed for prosecutorial misconduct of the same prosecutor. We agree.

Without going into the repeated improper questions and arguments of the prosecutor during the trial, suffice it to say that the record is replete with such remarks as: "hippy"; "anti-Christ"; "Swastika"; and, "Communist". It is noted that the court correctly sustained at least twenty-six objections to such remarks. Motions for mistrial were overruled.

The prosecutor's venture outside the record is even more alarming in the instant case than in Stein v. State, supra. And, this is another of those " . . . numerous cases where improper arguments and sidebar remarks by the prosecutor have forced us to reassert the critical importance of convicting an accused only upon that evidence presented, without attempting to inflame or prejudice the minds of the jurors." 492 S.W.2d at page 551.

The motion for rehearing is granted, the judgment of affirmance is set aside and the judgment is reversed and the cause remanded.

MORRISON and DOUGLAS, JJ., dissent.

mutilate, deface, defie, defile, and cast contempt upon a flag of the United States of America . . . "