cr4-665.dd.espinoza 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00665-CR







Paul Espinoza, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 291ST JUDICIAL DISTRICT


NO. F93-30234-SU, HONORABLE GERRY MEIER, JUDGE PRESIDING







PER CURIAM


 A jury convicted Paul Espinoza, Jr. of capital murder. The trial court assessed a
sentence of life imprisonment. Espinoza does not deny that he killed two people, but claims he
did so while trying to fend off drive-by shootings at his parents' house. He raises seven points
of error. We will affirm the judgment of conviction.

 Espinoza's parents' house was hit by two drive-by shootings on the evening before
the murders. The first occurred while Espinoza and some friends stood in his parents' yard. 
Espinoza returned fire without anyone being shot. Later, while he was away from home, another
shooting occurred.

 Espinoza and his friends returned to his parents' house to wait for the shooters'
return. Early the next morning, they saw a car driven by Gregorio Carrillo slowly approaching
his parents' house with its lights off. Espinoza fired into the vehicle, killing Carrillo. Carrillo's
brother took control of the car and drove it from the Espinozas' house (906 S.E. 14th Street) to
the Carrillos' house (505 S.E. 14th Street).

 Espinoza and his friends followed the car for the less-than-three-minute trip to the
Carrillos' home. Espinoza opened fire on the Carrillos as they got out of their car. A car
carrying Hilda Trevino and her husband home from watching a World Series game with friends
passed between Espinoza and the Carrillos. Espinoza shot and killed Hilda Trevino and drove
away.

 Espinoza contends by seven points of error that he was harmed by the court's
comments to the jury, the conduct of voir dire, the admission of irrelevant evidence, the
prosecutor's argument, and the sufficiency of the evidence. If we find error, we must reverse
unless we determine beyond a reasonable doubt that the record reveals that the error made no
contribution to the conviction or punishment. Tex. R. App. P. 81(b)(2). We determine
harmlessness by isolating the error and its effects and asking whether a rational trier of fact might
have reached a different result if the error and its effects had not resulted. Bradford v. State, 873
S.W.2d 15, 21 (Tex. Crim. App. 1993) (citing Harris v. State, 790 S.W.2d 568, 588 (Tex. Crim.
App. 1989)). In performing the isolating analysis, we examine the source and nature of the error,
whether or to what extent it was emphasized by the State, its probable collateral implications, and
consider how much weight a juror would probably place upon the error and determine whether
declaring it harmless would encourage the State to repeat it with impunity. Bradford, 873 S.W.2d
at 21.

 By point of error one, Espinoza contends that the court erred by overruling his
objection to the State's argument characterizing him as an animal. The prosecutor said, "Ladies
and gentlemen, when you go back in the jury room to deliberate on this case do not forget what
you are dealing with. Do not be fooled by a wolf in sheep's clothing and the show he puts on for
you."

 Appellate courts have reversed many cases for improper or derogatory references
to an accused during argument even when the trial courts sustained objections to the references. 
See Renn v. State, 495 S.W.2d 922, 924 (Tex. Crim. App. 1973) ("hippy," "anti-Christ," and
"Communist"); Duran v. State, 356 S.W.2d 937, 938 (Tex. Crim. App. 1962) ("this punk");
Marx v. State, 150 S.W.2d 1014, 1017 (Tex. Crim. App. 1941) ("a beast"); and McGrew v. State,
143 S.W.2d 946, 947 (Tex. Crim. App. 1940) ("fiend from hell"). Courts in other cases found
that the use of similar statements did not constitute reversible error. See McKay v. State, 707
S.W.2d 23, 36 (Tex. Crim. App. 1985) ("moral vacuum" and jury was "perched on the rim of
hell, looking deep into it"); Grant v. State, 472 S.W.2d 531, 532-34 (Tex. Crim. App. 1971)
("beast" and "devil").

 The prosecutor's statement below was less a characterization of the accused as an
animal than a common metaphor for deception. Instead of calling the defendant a beast and
thereby attributing beastly character to the defendant, the prosecutor here used a metaphor that
actually attributes human character. Espinoza invites us to accept that the metaphor would cause
a reasonable juror to think of him as an actual wolf who killed a sheep, skinned it, and fashioned
a disguise out of the hide. We decline the invitation. As we construe the statement, it did not
characterize him as an animal, but offered jurors a familiar construct for reconciling Espinoza's
testimony that he was an average, hard-working, responsible, kind member of society with the
conflicting evidence that he was a gang member involved in two gang-related killings. We do not
find that the trial court abused its discretion by overruling his objection. We overrule point one.

 Espinoza contends by point of error two that the trial court erred by overruling his
objection to the trial court's misstatements of the law during its voir dire comments. Before
lunch, during voir dire, the court stated that "if they were able to prove to you that he committed
one [murder], and it wouldn't matter which one, either of the two murders that are alleged in the
indictment, then in that instance you would find him guilty of murder, of only murder, not capital
murder." After lunch, before the panel returned, Espinoza complained that the court had
misstated the offenses charged. He urged that, under the indictment, the State had to prove
Espinoza murdered Gregorio Carrillo in order to prove murder; he also urged that, under the
indictment, proof of the murder of Hilda Trevino would not support a murder conviction but could
only enhance the punishment for the Carrillo murder. The court overruled the objection.

 We reject the point of error because the objection was untimely and the purported
misstatement harmless. To preserve a complaint for appellate review, a party must present to the
trial court a timely objection. Tex. R. App. P. 52(a). An objection made after a lunch break to
a comment made before lunch was not timely presented. We do not address whether the statement
was erroneous because any error was harmless as the jury did not follow the alleged misstatement. 
The jury's conviction of Espinoza for capital murder means that they found he committed both
murders; their findings obliterate Espinoza's complaint that the court might have misled the jury
into thinking they could convict him for only the murder of Trevino. We overrule point two.

 By points of error three and four, Espinoza asserts that the trial court erred by
overruling his challenge for cause of two members of the panel. To gain reversal, an appellant
must show he suffered harm from the court's refusal to strike a juror for cause. Demouchette v.
State, 731 S.W.2d 75, 83 (Tex. Crim. App. 1986), cert. denied, 482 U.S. 920 (1987). An
appellant must show that he exhausted his peremptory strikes, requested but were denied
additional peremptory strikes, and had to accept an identified, objectionable juror because his
peremptory strikes were exhausted and the court failed to strike a juror for cause. Id. The record
in this case shows that Espinoza used peremptory strikes on the two jurors the court refused to
strike for cause and that he used all the blanks on his peremptory strike sheet. He does not argue,
nor does the record reflect, that he requested additional strikes, was denied such a request, or had
to accept a specific, objectionable juror. He did not preserve error. We overrule points three and
four.

 Espinoza contends by point of error five that the trial court erred by overruling his
objection to irrelevant testimony regarding a bayonet. Responding to a question by the
prosecutor, a firearms examiner explained how a bayonet could be affixed to the assault rifle
Espinoza used in the murders. This evidence is wholly irrelevant to whether Espinoza used the
gun intending to kill people by shooting them. It is, however, so wildly irrelevant as to render
its admission harmless. There was no testimony hinting that Espinoza used or even owned a
bayonet; undisputed evidence showed that he used only the shooting capability of the weapon to
kill Carrillo and Trevino. The State did not emphasize this information and its probable collateral
implications are minimal. We believe that a juror would probably place no weight on such
inapplicable evidence. Because we cannot understand why the prosecutor would risk such a solid
case of such serious magnitude for such irrelevant testimony, we cannot predict whether declaring
it harmless would encourage the State to repeat it with impunity; this uncertainty does not present
sufficient risk to warrant reversal. We overrule point five.

 Espinoza contends by point of error six that the trial court erred by refusing his
request for a self-defense instruction. A defendant is entitled to an instruction on every defensive
issue raised by the evidence, no matter how incredible or weak that evidence. Hayes v. State, 728
S.W.2d 804, 807 (Tex. Crim. App. 1987). Force against others is justified when and to the
degree the force is immediately necessary to protect against the others' use or attempted use of
unlawful force. Tex. Penal Code Ann. § 9.31 (West 1994). People can use deadly force when
and to the degree they reasonably believe deadly force is immediately necessary to protect
themselves against another's use or attempted use of unlawful deadly force or to prevent the
other's imminent commission of various crimes. Tex. Penal Code Ann. § 9.32 (West 1994). 
They can use that force to protect third persons in the same situation. Tex. Penal Code Ann. §
9.33 (1994). Espinoza repeatedly testified that he was afraid for his family's safety, but never that
he was afraid for his own life. The court instructed the jury on Espinoza's right to defend his
family, but not on self-defense. The court did not err. We overrule point six.

 By his seventh point of error, Espinoza contends that insufficient evidence supports
the jury's finding that he committed the two murders during the same criminal transaction. We
view the evidence in the light most favorable to the verdict and determine whether a rational trier
of fact could have found the elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App.
1992). The term "same criminal transaction" is undefined in the statute and in the charge in this
case. The court of criminal appeals has said that the term can mean a continuous, rapid, and
unbroken chain of conduct. Rios v. State, 846 S.W.2d 310, 314 (Tex. Crim. App. 1994). In
Coble v. State, the court held that three murders which occurred near each other, on the same
road, within a few hours of each other, in a continuous and uninterrupted series of events could
rationally be construed as occurring within the same criminal transaction. 871 S.W.2d 192, 199
(Tex. Crim. App. 1993).

 We reject Espinoza's contention that the temporal and spatial difference between
his murder of Carrillo and his murder of Trevino created separate criminal transactions. Espinoza
shot at a car driving by his parents' house and killed Carrillo. He then followed the car no more
than three minutes, fired again, and killed Trevino as she innocently and haplessly passed between
Espinoza and his intended victims. The jury could easily and rationally have concluded that this
was a continuous, rapid, and unbroken chain of conduct. We overrule point seven.

 We affirm the judgment.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: May 1, 1996

Do Not Publish



not argue,
nor does the record reflect, that he requested additional strikes, was denied such a request, or had
to accept a specific, objectionable juror. He did not preserve error. We overrule points three and
four.