

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-10-00146-CR

DUKE ALDON HAIR                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Duke Aldon Hair appeals his conviction for continuous sexual abuse of a young child.  *See* Tex. Penal Code Ann. § 21.02 (West 2011).  The evidence at trial showed that Appellant repeatedly molested his stepdaughter from the time she was five years old until she turned twelve and outcried after the abuse had escalated to sexual intercourse.  Appellant complains that the trial

---

[1]*See* Tex. R. App. P. 47.4.

court erred by refusing to grant a mistrial after the prosecutor referred to Appellant during closing argument at the guilt-innocence phase as a "sick, sorry son of a gun" with "nothing redeemable" about him. We affirm.

The record shows that the trial court sustained Appellant's objection to the prosecutor's remarks, promptly instructed the jury to disregard them, and then overruled Appellant's motion for mistrial. The record also shows that as soon as the prosecutor resumed his closing argument, he apologized for his remarks and then quickly concluded his summation without drawing further objection.

We review a trial court's denial of a motion for mistrial for an abuse of discretion and "must uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004); *Orr v. State*, 306 S.W.3d 380, 403 (Tex. App.—Fort Worth 2010, no pet.). Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required. *Archie*, 221 S.W.3d at 699; *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A mistrial is appropriate only for a narrow class of highly prejudicial and incurable errors and may be used to end trial proceedings when the error is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hawkins*, 135 S.W.3d at 77 (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied,* 529 U.S. 1070 (2000)).

Although the trial court sustained Appellant's objection, we hold that it was within its discretion to deny Appellant's motion for mistrial because the

2

prosecutor's remarks, while unquestionably disparaging, were nevertheless supported by the record.[2]

Proper jury argument by the State falls within one or more of the following general areas: (1) summation of evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

Citing *Duran v. State*, 172 Tex. Crim. 289, 356 S.W.2d 937 (1962), Appellant asserts that "[a] prosecutor should not refer to a defendant by any name other than his given name or a nickname (supported by the record) and it is not proper to refer to the defendant by a derogatory term designed to subject the defendant to personal abuse." *Id.* at 290, 356 S.W.2d at 937. At Duran's trial for misdemeanor possession of a firearm, it was undisputed that Duran had a pistol and that he shot the decedent while being attacked by the decedent and six or seven companions. *Id.* at 290, 356 S.W.2d at 937. The grand jury no-billed Duran on a charge of murder but it indicted him for carrying the pistol. *Id.*

---

[2]Although we do not, as a matter of law, hold that the remarks were improper, we do not intend by this opinion to condone or encourage remarks such as the prosecutor made here, even if supported by the record. We trust that the representatives of the State require of themselves a higher level of discourse in their arguments. The prosecutor's prompt apology for the tenor and content of his remarks suggest to us that he also may ordinarily hold himself to a higher standard for we found no similar commentary in the record.

During closing argument, the prosecutor told the jurors that it was their duty to convict "this punk." *Id.* The court of criminal appeals held that the remark was manifestly improper because the evidence showed that Duran had never been convicted for a felony or a misdemeanor involving moral turpitude, and there was no evidence suggesting any misconduct or law violation other than testimony about his having carried a pistol and shot the decedent while being attacked. *Id.* at 291, 356 S.W.2d at 938.

Appellant also relies on three other cases. Two of them were distinguished by the third when it rejected an argument that referring to the defendant as a "parasite" required reversal. In that case, *Williams*, the court wrote:

> Appellant cites *Renn v. State*, 495 S.W.2d 922 (Tex. Crim. App. 1973), and *Stein v. State*, 492 S.W.2d 548 (Tex. Crim. App. 1973), as requiring reversal. We do not agree. These two cases involved repeated inflammatory remarks by the prosecution about each defendant. *Renn* ("hippie," "anti-Christ," "Swastika," and "Communist"); *Stein*, ("hippie"). In the instant case, the prosecutor only used the word "parasite" once, and made no other derogatory characterizations of appellant. *See Hoover v. State*, 107 Tex. Cr. R. 600, 298 S.W. 438, 441 (1927) (figurative language used by prosecutor in jury argument referring to the defendant as a "worm" and a "serpent" was held harmless). Any harmful effect of this improper reference was cured by the trial court's immediate instruction to the jury to disregard the comment. *Smith v. State*, 653 S.W.2d 835, 841 (Tex. App.—Corpus Christi 1982, aff'd; pending on motion for rehearing). The fifth ground of error is overruled.

*Williams v. State*, 712 S.W.2d 835, 837–38 (Tex. App.—Corpus Christi 1986, pet. granted), *rev'd on other grounds*, 736 S.W.2d 906 (Tex. Crim. App. 1987).

4

The State notes that more recent cases consistently have "upheld the use of derogatory characterizations of a defendant <u>when they are supported by the record</u>." (emphasis in State's brief). We agree with the State and also believe that these cases are consistent with reading *Duran* to hold that derogatory characterizations of a defendant are improper when they are not supported by the record. *See Barnard v. State*, 730 S.W.2d 703, 718 (Tex. Crim. App. 1987) (prosecutor's characterization of defendant as a "mean person" reasonable deduction from the evidence); *McKay v. State*, 707 S.W.2d 23, 36 (Tex. Crim. App. 1985) (no error when prosecutor described defendant as "moral vacuum"); *Burns v. State*, 556 S.W.2d 270, 285 (Tex. Crim. App. 1977) (evidence supported reference to defendant as an "animal"); *Belton v. State*, 900 S.W.2d 886, 898 (Tex. App.—El Paso 1995, pet. ref'd) (reference to defendant as "animal" was reasonable deduction from the evidence); *Williams v. State*, No. 02-03-00313-CR, 2005 WL 555250, at *4–5 (Tex. App.—Fort Worth Mar. 10, 2005, pet. ref'd) (mem op., not designated for publication) (arguing defendant was "plain bad" was properly based upon evidence of brutal assault). *See also Rivas v. State*, No. 04-06-00375-CR, 2007 WL 1608550, at *6 (Tex. App.—San Antonio June 6, 2007) (mem op., not designated for publication) (referring to defendant as "monster" where evidence showed that he repeatedly sexually assaulted his seven-year-old stepdaughter), *rev'd on other grounds*, 275 S.W.3d 880 (Tex. Crim. App. 2009); *Resendez v. State*, No. 14-99-01374-CR, 2001 WL 777861, at *2 (Tex. App.—Houston [14th Dist.] July 12, 2001, pet. ref'd) (mem op., not

5

designated for publication) ("monster" supported by repeated sexual assaults of five or six year old relative); *Ahmed v. State*, No. 05-97-00874-CR, 1999 WL 669781, at *9 (Tex. App.—Dallas Aug. 30, 1999, pet. ref'd) (mem op., not designated for publication) (characterizing defendant as "sociopath" supported by facts of crime, frequent school suspensions, and bad reputation).

Here, Appellant complains of being referred to as "a sick, sorry, son of a gun" and "nothing redeemable" about him. One definition of "sick" is "spiritually or morally unsound or corrupt." Webster's Ninth New Collegiate Dictionary 1093 (1987). "Sorry" inspires sorrow, pity, scorn, or ridicule, and is synonymous with "contemptible." *Id.* at 1126. "Redeemable" includes capable of being released from blame or debt. *See id.* at 986. The evidence showed that Appellant was a child rapist and pedophile. He began molesting his stepdaughter when she was around five years old, continued until she was around eight, started again when she was approximately ten and continued molesting her "[t]oo many times to count," until she turned twelve when he began having sexual intercourse with her, telling her that she owed him and hitting her if she refused. The record supports the prosecutor's characterization of Appellant. There is no error here. *See Barnard*, 730 S.W.2d at 718; *McKay*, 707 S.W.2d at 36; *Burns*, 556 S.W.2d at 285.

And even if there was error, the record shows that the trial court promptly gave an instruction that cured it.

THE COURT: "Sick, sorry, son of a gun." "Nothing redeemable…" based on the record before the Court, you will disregard those statements. They're not evidence. You won't consider them.

Does everyone understand that?

SEVERAL JURY MEMBERS: Yes.

MR. HENDERSON: We'd move for a mistrial, Your Honor.

THE COURT: Can everyone follow that instruction, to decide the case on the facts and not on the attorneys' arguments?

SEVERAL JURY MEMBERS: Yes.

THE COURT: All right. Then that motion for mistrial will be denied.

MR. NICKOLS: I apologize.

What we have to prove is two acts of sexual abuse outside the 30 days, and we have April of 2008, we know it started then, and we know it went on a lot, all the time, until February of 2009. Those elements have been proven. You know that little girl is telling the truth by her demeanor. Go back there and find him guilty for what he's done and make him pay.

We presume that juries follow trial court's instructions to disregard. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). There is nothing in the record to rebut the presumption that the jury followed the trial court's prompt instruction to disregard the remarks. The trial court's careful and prompt instruction to the jury to disregard the prosecutor's remarks was sufficient to cure any harm the remarks might have caused. *See Galloway v. State*, 716 S.W.2d 556, 557 (Tex. App.—Waco 1986, pet. ref'd). Accordingly, we hold that the trial

7

court in this case did not abuse its discretion by denying Appellant's motion for mistrial, and we overrule Appellant's sole point.

Having overruled Appellant's sole point on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 7, 2011