02-10-146-CR








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-10-00146-CR

 

 




 
 
 Duke Aldon Hair
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 




 

 

----------

 

FROM THE 372nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Duke Aldon Hair appeals his conviction for continuous sexual abuse of a young child. 
See Tex. Penal Code Ann. § 21.02 (West 2011).  The evidence at trial showed
that Appellant repeatedly molested his stepdaughter from the time she was five
years old until she turned twelve and outcried after the abuse had escalated to
sexual intercourse.  Appellant complains that the trial court erred by refusing
to grant a mistrial after the prosecutor referred to Appellant during closing
argument at the guilt-innocence phase as a “sick, sorry son of a gun” with
“nothing redeemable” about him.  We affirm.

          The
record shows that the trial court sustained Appellant’s objection to the
prosecutor’s remarks, promptly instructed the jury to disregard them, and then overruled
Appellant’s motion for mistrial.  The record also shows that as soon as the
prosecutor resumed his closing argument, he apologized for his remarks and then
quickly concluded his summation without drawing further objection.

          We
review a trial court’s denial of a motion for mistrial for an abuse of
discretion and “must uphold the trial court’s ruling if it was within the zone
of reasonable disagreement.”  Archie v. State, 221 S.W.3d 695, 699 (Tex.
Crim. App. 2007); Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004);
Orr v. State, 306 S.W.3d 380, 403 (Tex. App.—Fort Worth 2010, no pet.).  Only
in extreme circumstances, where the prejudice is incurable, will a mistrial be
required.  Archie, 221 S.W.3d at 699; Hawkins v. State, 135
S.W.3d 72, 77 (Tex. Crim. App. 2004).  A mistrial is appropriate only for a
narrow class of highly prejudicial and incurable errors and may be used to end
trial proceedings when the error is “so prejudicial that expenditure of further
time and expense would be wasteful and futile.”  Hawkins, 135 S.W.3d at
77 (quoting Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), cert.
denied, 529 U.S. 1070 (2000)).

          Although
the trial court sustained Appellant’s objection, we hold that it was within its
discretion to deny Appellant’s motion for mistrial because the prosecutor’s
remarks, while unquestionably disparaging, were nevertheless supported by the
record.[2]

          Proper
jury argument by the State falls within one or more of the following general
areas:  (1) summation of evidence; (2) reasonable deduction from the evidence;
(3) answer to argument of opposing counsel; and (4) plea for law enforcement.  Felder
v. State, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973).

          Citing
Duran v. State, 172 Tex. Crim. 289, 356 S.W.2d 937 (1962), Appellant
asserts that “[a] prosecutor should not refer to a defendant by any name other
than his given name or a nickname (supported by the record) and it is not proper
to refer to the defendant by a derogatory term designed to subject the
defendant to personal abuse.”  Id. at 290, 356 S.W.2d at 937.  At
Duran’s trial for misdemeanor possession of a firearm, it was undisputed that
Duran had a pistol and that he shot the decedent while being attacked by the
decedent and six or seven companions.  Id. at 290, 356 S.W.2d at 937. 
The grand jury no-billed Duran on a charge of murder but it indicted him for
carrying the pistol.  Id.  During closing argument, the prosecutor told
the jurors that it was their duty to convict “this punk.”  Id.  The
court of criminal appeals held that the remark was manifestly improper because
the evidence showed that Duran had never been convicted for a felony or a
misdemeanor involving moral turpitude, and there was no evidence suggesting any
misconduct or law violation other than testimony about his having carried a
pistol and shot the decedent while being attacked.  Id. at 291, 356
S.W.2d at 938.

          Appellant
also relies on three other cases.  Two of them were distinguished by the third
when it rejected an argument that referring to the defendant as a “parasite”
required reversal.  In that case, Williams, the court wrote:

          Appellant
cites Renn v. State, 495 S.W.2d 922 (Tex. Crim. App. 1973), and Stein
v. State, 492 S.W.2d 548 (Tex. Crim. App. 1973), as requiring reversal.  We
do not agree.  These two cases involved repeated inflammatory remarks by the
prosecution about each defendant.  Renn (“hippie,” “anti-Christ,”
“Swastika,” and “Communist”); Stein, (“hippie”).  In the instant case,
the prosecutor only used the word “parasite” once, and made no other derogatory
characterizations of appellant.  See Hoover v. State, 107 Tex. Cr. R.
600, 298 S.W. 438, 441 (1927) (figurative language used by prosecutor in jury
argument referring to the defendant as a “worm” and a “serpent” was held
harmless).  Any harmful effect of this improper reference was cured by the
trial court’s immediate instruction to the jury to disregard the comment.  Smith
v. State, 653 S.W.2d 835, 841 (Tex. App.—Corpus Christi 1982, aff’d;
pending on motion for rehearing).  The fifth ground of error is overruled.

 

Williams
v. State, 712 S.W.2d 835, 837–38 (Tex. App.––Corpus Christi 1986,
pet. granted), rev’d on other grounds, 736 S.W.2d 906 (Tex. Crim. App.
1987).

          The
State notes that more recent cases consistently have “upheld the use of
derogatory characterizations of a defendant when they are supported by the
record.” (emphasis in State’s brief).  We agree with the State and also
believe that these cases are consistent with reading Duran to hold that
derogatory characterizations of a defendant are improper when they are not
supported by the record.  See Barnard v. State, 730 S.W.2d 703,
718 (Tex. Crim. App. 1987) (prosecutor’s characterization of defendant as a “mean
person” reasonable deduction from the evidence); McKay v. State, 707
S.W.2d 23, 36 (Tex. Crim. App. 1985) (no error when prosecutor described
defendant as “moral vacuum”); Burns v. State, 556 S.W.2d 270, 285 (Tex.
Crim. App. 1977) (evidence supported reference to defendant as an “animal”); Belton
v. State, 900 S.W.2d 886, 898 (Tex. App.—El Paso 1995, pet. ref’d)
(reference to defendant as “animal” was reasonable deduction from the evidence);
Williams v. State, No. 02-03-00313-CR, 2005 WL 555250, at *4–5 (Tex.
App.—Fort Worth Mar. 10, 2005, pet. ref’d) (mem op., not designated for
publication) (arguing defendant was “plain bad” was properly based upon
evidence of brutal assault).  See also Rivas v. State, No.
04-06-00375-CR, 2007 WL 1608550, at *6 (Tex. App.—San Antonio June 6, 2007)
(mem op., not designated for publication) (referring to defendant as “monster”
where evidence showed that he repeatedly sexually assaulted his seven-year-old
stepdaughter), rev’d on other grounds, 275 S.W.3d 880 (Tex. Crim. App.
2009); Resendez v. State, No. 14-99-01374-CR, 2001 WL 777861, at *2
(Tex. App.—Houston [14th Dist.] July 12, 2001, pet. ref’d) (mem op., not
designated for publication) (“monster” supported by repeated sexual assaults of
five or six year old relative); Ahmed v. State, No. 05-97-00874-CR, 1999
WL 669781, at *9 (Tex. App.—Dallas Aug. 30, 1999, pet. ref’d) (mem op., not
designated for publication) (characterizing defendant as “sociopath” supported
by facts of crime, frequent school suspensions, and bad reputation).

          Here,
Appellant complains of being referred to as “a sick, sorry, son of a gun” and
“nothing redeemable” about him.  One definition of “sick” is  “spiritually or
morally unsound or corrupt.”  Webster’s Ninth New Collegiate Dictionary 1093 (1987). 
“Sorry” inspires sorrow, pity, scorn, or ridicule, and is synonymous with “contemptible.”
 Id. at 1126.  “Redeemable” includes capable of being released from
blame or debt.  See id. at 986.  The evidence showed that Appellant was
a child rapist and pedophile.  He began molesting his stepdaughter when she was
around five years old, continued until she was around eight, started again when
she was approximately ten and continued molesting her “[t]oo many times to
count,” until she turned twelve when he began having sexual intercourse with
her, telling her that she owed him and hitting her if she refused.  The record
supports the prosecutor’s characterization of Appellant.  There is no error
here.  See Barnard, 730 S.W.2d at 718; McKay, 707 S.W.2d at 36; Burns,
556 S.W.2d at 285.

          And
even if there was error, the record shows that the trial court promptly gave an
instruction that cured it.

          THE COURT: 
“Sick, sorry, son of a gun.”  “Nothing redeemable…” based on the record before
the Court, you will disregard those statements.  They’re not evidence.  You
won’t consider them.

 

          Does
everyone understand that?

 

          SEVERAL
JURY MEMBERS:  Yes.

 

          MR.
HENDERSON:  We’d move for a mistrial, Your Honor.

 

          THE COURT: 
Can everyone follow that instruction, to decide the case on the facts and not
on the attorneys’ arguments?

 

          SEVERAL
JURY MEMBERS:  Yes.

 

          THE COURT: 
All right.  Then that motion for mistrial will be denied.

 

          MR.
NICKOLS:  I apologize.

 

          What we
have to prove is two acts of sexual abuse outside the 30 days, and we have
April of 2008, we know it started then, and we know it went on a lot, all the
time, until February of 2009.  Those elements have been proven.  You know that
little girl is telling the truth by her demeanor.  Go back there and find him guilty
for what he’s done and make him pay.

 

          We
presume that juries follow trial court’s instructions to disregard.  See
Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).  There is
nothing in the record to rebut the presumption that the jury followed the trial
court’s prompt instruction to disregard the remarks.  The trial court’s careful
and prompt instruction to the jury to disregard the prosecutor’s remarks was
sufficient to cure any harm the remarks might have caused.  See Galloway v.
State, 716 S.W.2d 556, 557 (Tex. App.—Waco 1986, pet. ref’d).  Accordingly,
we hold that the trial court in this case did not abuse its discretion by
denying Appellant’s motion for mistrial, and we overrule Appellant’s sole point.

          Having
overruled Appellant’s sole point on appeal, we affirm the trial court’s judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 7, 2011








 









          [1]See Tex. R. App. P. 47.4.





[2]Although we do not, as a
matter of law, hold that the remarks were improper, we do not intend by this
opinion to condone or encourage remarks such as the prosecutor made here, even
if supported by the record.  We trust that the representatives of the State
require of themselves a higher level of discourse in their arguments.  The
prosecutor’s prompt apology for the tenor and content of his remarks suggest to
us that he also may ordinarily hold himself to a higher standard for we found
no similar commentary in the record.