**Paul Allen SCHUMACHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00192–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Dec 7, 2001.

Decided Dec. 10, 2001.

Rehearing Overruled Jan. 8, 2002.

Discretionary Review Refused
June 5, 2002.

44 

Paul Allen Schumacher, Amarillo, for appellant.

James S. Moss, Special Asst. County Atty., Bonham, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Paul Allen Schumacher appeals from his conviction on his guilty plea without a plea bargaining agreement for the offense of escape from custody. In the same proceeding, he also pleaded guilty to four other charges of burglary of a habitation. The jury assessed punishment at fifty years' imprisonment for each offense, to run concurrently.

Michael Skotnik was appointed as counsel on appeal and filed a brief on April 5, 2001, under the mandate of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Ex parte Senna*, 606 S.W.2d 329, 330 (Tex.Crim.App.1980), and has accordingly also filed a motion to withdraw. Counsel sent Schumacher a copy of his brief and advised him by letter that he believes that there are no arguable contentions of error and informed him of his right to review the record and file a pro se brief.

Schumacher filed a pro se brief on July 16, 2001, and then filed a supplement to that brief on August 15, 2001.

Counsel has filed a brief which discusses the record and reviews pretrial, trial, and punishment proceedings in detail. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced, as required by *High v. State*, 573 S.W.2d 807, 812 (Tex.Crim.App. [Panel Op.] 1978); *see also Stafford v. State*, 813 S.W.2d 503, 510 n. 3 (Tex.Crim.App.1991). Counsel concluded from his review of the record that there is no arguable point of error to support the appeal, but then set out one ground of potential error for review.

In that contention, counsel argues that a comment made by the prosecutor during voir dire inappropriately characterized Schumacher and predisposed the venire (and jury) to view Schumacher in an unfavorable light. In the complained-of comment, the prosecutor stated, "You know, I'm a vic—I'm a victim of burglary myself, and I know the scum bag that did it, you know, even though—[.]"

Trial counsel objected to the sidebar, and the objection was sustained. No fur-

ther relief was requested. Counsel suggests that this statement might have been understood by the panel as a comment about this particular defendant, or that it was an inappropriate attempt by the prosecutor to define Schumacher with derogatory language.

■ The general rule for presenting a complaint for appellate review is a showing in the record (1) that the complaint was made to the trial court by a request, objection, or motion that was timely and sufficiently specific to make the trial court aware of the grounds of the complaint and (2) that the trial court ruled adversely (or refused to rule, despite objection). *Tucker v. State*, 990 S.W.2d 261, 262 (Tex.Crim. App.1999). To reach the level of an adverse ruling, if the objection is sustained, counsel must then ask for an instruction to disregard. If the instruction is given, counsel must then move for a mistrial. *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim.App.1985). If counsel does not pursue the objection to an adverse ruling, error is not preserved. TEX.R.APP. P. 33.1; *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex.Crim.App.1991). This complaint was not pursued to the level of an adverse ruling. The complaint of error was not preserved for appellate review.

We agree with appellate counsel that this contention is without merit.

In his pro se brief, Schumacher contends that he received ineffective assistance of counsel, that an improper jury member was seated, that comments were made by the State to prejudice and inflame female jurors, and that the proceedings violated his right to due process of law. In his supplemental brief, he adds seven additional contentions of error. He argues that prosecutorial misconduct was shown, that there was no or insufficient evidence to support his conviction, that the indictment was defective, that no accomplice

instruction was given to the jury, that he was coerced into confessing, and that he did not consent to join the five cases together into a single prosecution.

■ The standard of testing claims of ineffective assistance of counsel was set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). To prevail on this claim, the appellant must prove by a preponderance of the evidence (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App.2000); *Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim.App.1999). To meet this burden, the appellant must prove that his attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for his attorney's deficiency, the result of the trial would have been different. *Tong*, 25 S.W.3d at 712.

■ Our review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Tong*, 25 S.W.3d at 712. This court will not second-guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex.Crim.App.1979). That another attorney, including appellant's counsel on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v.*

*State,* 997 S.W.2d 695, 704 (Tex.App.—Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999).

Schumacher contends that his counsel was ineffective because he did not spend sufficient time investigating the case. However, in a guilty plea, counsel need not undertake the same magnitude of independent factual investigation when the defendant knowingly and voluntarily pleads guilty to the alleged offense as would be required in a contested proceeding. *Toupal v. State,* 926 S.W.2d 606, 608 (Tex.App.—Texarkana 1996, no pet.). Counsel did meet with Schumacher and discuss the charges, and in light of Schumacher's plea of guilty to the offenses, we do not find counsel's limited efforts to be inappropriate.

Schumacher also contends that counsel's advice was faulty because he knew that the State's primary evidence would be his written statements and that counsel was ineffective because he did not pursue his motion to suppress to obtain a ruling. We disagree. If a defendant chooses to plead guilty to a jury, there is no purpose to be served by pursuing a motion to suppress because it is not appealable, and counsel was not ineffective for failing to do so.

Schumacher also suggests that his statements were obtained through coercion, pointing to testimony by Sheriff Talmage Moore and to his own testimony in support of this claim. A statement is involuntary if there was official, coercive conduct of such a nature that any statement obtained thereby was unlikely to have been the product of an essentially free and unconstrained choice by its maker. *State v. Terrazas,* 4 S.W.3d 720, 723 (Tex.Crim.App. 1999); *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex.Crim.App.1995). The totality of the circumstances must be considered in our review of this issue. *Green v. State,* 934 S.W.2d 92, 99 (Tex.Crim.App.1996); *Lewis v. State,* 15 S.W.3d 250, 256 (Tex. App.—Texarkana 2000, no pet.).

The sheriff testified that he had not promised Schumacher anything, but that he had told him that he would let the prosecutor know that he was helpful so long as Schumacher worked with them to recover the stolen property. Thereafter, Schumacher escaped from jail and was recaptured. Schumacher testified that the sheriff had told him that he had talked to an assistant district attorney and that the sheriff could assure him that no enhancements would be filed. However, when making his guilty plea, Schumacher stated in response to the court's admonishments that he had not been promised anything or been threatened and that he was pleading guilty only because he was in fact guilty of the crime. The evidence is thus in conflict.

Further, counsel stated before voir dire that he had not pursued the motion to suppress because Schumacher had chosen to plead guilty. That is a justifiable position as to the determination of guilt. Further, even though Schumacher did not testify, he had admitted the commission of the crimes through his plea of guilty. In that context, we do not perceive that he could in any way have been harmed by the introduction of his statements admitting to those crimes.

Schumacher also complains that counsel was ineffective because he did not develop testimony to show his defense of necessity to the offense of escape: that his life was in danger. This cannot be ineffective as to this conviction because Schumacher chose to plead guilty to the offense. Further, counsel did develop that

testimony; thus, the jury was able to consider that evidence in assessing punishment. Error is not shown.

Schumacher also complains that counsel was ineffective because he did not object to the use of community supervision reports from prior convictions by the State on the ground that they were not disclosed in discovery. The record is silent on that point, and we will not presume that this was the situation. The contention of error is overruled.

■ Schumacher next contends that a juror, Pat Porter, was the brother of the newly-elected district attorney, Myles Porter, and a very good friend of investigator Mike McClellan, and that because of the bias inherent in these relationships, he was improperly seated. Although not set out under his ineffective assistance claim, it is appropriate for this court to address the question in that light. The record is silent as to any relationship with Mike McClellan. When counsel asked Pat Porter if he was related to Miles Porter, he answered, "Sure am." Counsel did not ask Porter any other individual questions. Counsel did not challenge Porter either for cause or by peremptory challenge, and he was seated on the jury panel. We cannot determine from this record whether counsel exhausted his peremptory challenges, and the record does reflect a series of questions designed to elicit information about the venire and which did not elicit information justifying a challenge for cause of Porter. There is nothing to assist this court in determining whether counsel had a reason to leave Porter on the panel. Under this state of the record, we are not prepared to hold that counsel's failure to strike Porter was necessarily ineffective.

■ In reviewing the jury selection on its merits, we find that we cannot directly review this situation for error in failing to obtain a challenge for cause. In order to preserve error for a denial of a challenge for cause, the record must show that the appellant asserted a specific challenge for cause on clearly articulated grounds, that he used a peremptory challenge on that venireman, that all of his peremptory challenges were exhausted, that he requested an additional peremptory strike which was denied, and that he was forced to take an objectionable venireman on the jury. *Bigby v. State*, 892 S.W.2d 864, 882–83 (Tex. Crim.App.1994); *Perez v. State*, 960 S.W.2d 84, 86 (Tex.App.—Austin 1997, no pet.). None of these prerequisites were met. The contention of error is overruled.

■ Schumacher next contends that error is shown because of two statements made by the prosecutor that cast him in an unfavorable light. One is the "scum bag" statement discussed earlier; the second is a statement comparing burglary of a habitation to a sexual assault. Schumacher argues that these statements were made only to inflame and prejudice female jury members.

The State does not respond directly to this argument, but acknowledges that a prosecutor should not refer to a defendant by any name other than his given name or nickname and that it is not proper to refer to the defendant by a derogatory term designed to subject the defendant to personal abuse. *See Duran v. State*, 172 Tex. Crim. 289, 356 S.W.2d 937, 938 (1962). The cases involving derogatory statements about a defendant typically arise in the context of jury argument. Some such situations include *Renn v. State*, 495 S.W.2d 922 (Tex.Crim.App.1973), and *Stein v. State*, 492 S.W.2d 548 (Tex.Crim.App. 1973). These two cases involved repeated inflammatory remarks by the prosecution about each defendant [Renn ("hippie," "anti-Christ," "Swastika," and "Communist"); Stein ("hippie")]. In another such

case, the prosecutor used the word "parasite" once, and the court concluded that any harm was cured by an immediate instruction to disregard. *Williams v. State,* 712 S.W.2d 835, 838 (Tex.App.—Corpus Christi 1986); [1] *see Hoover v. State,* 107 Tex.Crim. 600, 298 S.W. 438, 441 (1927) (op. on reh'g) (figurative language used by prosecutor in jury argument referring to the defendant as a "worm" and a "serpent" was held harmless). In the present case, "scum bag" was not used as a direct reference to Schumacher.

In this case, the first statement was made during voir dire, and the second was made during opening arguments. Counsel objected to the "scum bag" comment, and the court sustained his objection. He also objected to the analogy drawn between having one's home violated and a sexual assault. That objection was overruled. The State suggests that the derogatory description was of a class of people, not of an individual. However, because Schumacher had already admitted committing these crimes, he had admitted being a part of that class, and in the context of a trial of that individual, that argument fails. Nevertheless, as previously set out, the objection to this comment was sustained and no further relief requested; thus, error cannot be shown.

Next we turn to the prosecutor's statement comparing burglary to rape in which he stated that both are a type of violation. It is true that both are an invasion of that which belongs to another person, but the statement equating the invasion of a person's body with the intrusion into a person's home or private property could be

demeaning to victims of sexual assaults. The nature of rape or other sexual assault is such that any attempt by the State to describe the two as equivalent is by its very nature prejudicial to a defendant in a burglary case.

We find the prosecutor's statement to be improper. However, there was no contemporaneous objection to this statement, and in the absence of such, the claim of error was not preserved for our review. That suggests that even without objection, the panel might not accept this statement as correct and thus not apply it against this defendant. The contention of error is overruled.

■ Schumacher also contends that the trial court should have taken action sua sponte to determine whether his confession was voluntary because a fair question was raised about its voluntariness. In that respect, he refers to the suppression motions filed by trial counsel, but not pursued to a ruling. We have previously discussed that situation, and for the reasons stated there, this contention of error is overruled.

■ In his supplemental brief, filed with the permission of this court, Schumacher raises seven additional points of error. He first contends that prosecutorial misconduct occurred. Schumacher states that on the morning of the trial, during a recess, he and two others overheard the prosecutor instructing two witnesses for the State to change their testimony and lie on the stand so that he would receive a more severe punishment. His

---

1. This case was summarily reversed and remanded by the Texas Court of Criminal Appeals for the Corpus Christi court to review allegations of error in jury voir dire. The order of reversal is unreported. We are aware of it only because it is discussed briefly in an order issued by the Corpus Christi court on remand, in which it abated the case for a hearing. *Williams v. State,* 736 S.W.2d 906 (Tex.App.—Corpus Christi 1987, order). The final opinion in this case is found at *Williams v. State,* 752 S.W.2d 729 (Tex.App.—Corpus Christi 1988, no pet.).

contention is that the prosecutor suborned perjury, and he has attached affidavits to that effect to his brief.

There is nothing in the trial record to support Schumacher's position. This is the type of information that would be properly made a part of the trial record during the trial itself or during a hearing on a motion for new trial. There is nothing to indicate that this was brought to counsel's attention during trial, and the motion filed in this case does not set out this allegation or any other allegation that would require a hearing. It is possible that this might be a matter that could be raised by writ of habeas corpus. If so then a record could be made in that context. In this case, however, the record reveals no error. The contention is overruled.

■■■■ Schumacher also contends that there is no evidence to support his conviction in all four burglary cases. He pleaded guilty to each charge in open court after each individual indictment was read to him in its entirety. It is well established that in felony cases, a plea of guilty before the jury admits the existence of all elements necessary to establish guilt and, in such cases, the introduction of evidence by the State is only to enable the jury to intelligently exercise the discretion which the law vests in them to determine punishment. *Holland v. State*, 761 S.W.2d 307, 312–13 (Tex.Crim.App.1988); *see Williams v. State*, 674 S.W.2d 315, 319 (Tex.Crim. App.1984) (noting that no evidence need be entered when appellant pleads guilty before a jury; evidence is necessary for a guilty plea before the court only); *Addicks v. State*, 15 S.W.3d 608, 612 (Tex.App.— Houston [14th Dist.] 2000, pet. ref'd). In such cases, the plea of guilty is conclusive as to the defendant's guilt, and there is no question of the sufficiency of the evidence on appeal. *See Ex parte Martin*, 747

S.W.2d 789, 792 (Tex.Crim.App.1988) (op. on reh'g); *see also Stahle v. State*, 970 S.W.2d 682, 688 (Tex.App.—Dallas 1998, pet. ref'd).

Accordingly, his plea of guilty to the indictment is sufficient to support the conviction. The contentions of error are overruled.

■■■■ Schumacher next contends that the indictment in his escape case was defective because it did not allege all the necessary elements of the offense. We shall not address this issue on its merits, because this contention may not be raised for the first time on appeal. Tex.Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2002) specifically provides that if a defendant does not object to defects in the indictment before trial commences, he waives and forfeits the right to raise such an objection or complaint on appeal. This contention of error is overruled.

■■■■ Schumacher next contends that the trial court erred by failing to instruct the jury that Andy Roberts was an accomplice as a matter of law. He contends that he was not selling stolen goods to Roberts, but that Roberts had been trying to sell stolen goods to him. Because this case involves a plea of guilty, there was no opportunity for such an instruction to be made. The contention of error is overruled.

■■■■ Schumacher next contends his confession was improperly admitted into evidence. He argues he was subjected to coercion and physical and mental abuse in order to obtain his confession about the escape from custody and that he escaped only because he was in fear of his life. He argues that he escaped because he was afraid of fellow prisoners, because police officials and investigators made them aware that he had cooperated with police on a number of other crimes. He complains

that after his recapture, he was subjected to ridicule when sheriff's officers chained him to a stairway within the view of the jail population and that he was told that he would remain chained and in leg irons and would not be allowed visits, telephone use, or mail until the investigation was complete-unless he signed a confession.[2]

■ The record shows that he was placed in leg irons and chained to a stairway after his recapture, but he directs us to nothing in this record to support his further statements. Further, there was no objection to the admission of his confession. A failure to object to the admission of evidence waives any complaint about its admission. *Ethington v. State,* 819 S.W.2d 854 (Tex.Crim.App.1991). The contention of error is overruled.

■ Schumacher finally contends that the five offenses were improperly joined together for the punishment hearing. However, a formal agreed order was signed by Schumacher, his counsel, the prosecutor, and the trial judge, in which Schumacher agreed to have the cases tried together, and which specified that all sentences from the five offenses would run concurrently. Error has not been shown.

The judgment is affirmed.

---

2. In his discussion under his next point of error, Schumacher asks this court to investigate death threats from a fellow prisoner. He states that the other prisoner was convicted of attempted rape and attempted murder of Schumacher's wife and that he was intentionally housed within ten feet of Schumacher in the local jail. None of this information appears in the record. Although this may be a supporting issue in a writ of habeas corpus based on claims of ineffective assistance of counsel in relation to his guilty plea, in the absence of a record we cannot consider his contention in this direct appeal.