In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00180-CR


______________________________




CAROL ANN DAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Criminal Court at Law No. 12


Harris County, Texas


Trial Court No. 1126550




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Carol Ann Davis appeals from her conviction, on her guilty plea, of driving while
intoxicated, a class B misdemeanor. The trial court sentenced her to ten days in the Harris County
jail and suspended her driver's license for one year. Davis on appeal argues the trial court committed
error in that (1) her plea of guilty was given when she was incompetent, (2) her plea was otherwise
involuntary, and (3) her motion for new trial was heard when she had no counsel.

Was Davis Competent When She Pled Guilty?

 Davis first argues the trial court committed fundamental error by accepting her guilty plea
without first determining she was competent to stand trial. See Tex. Code Crim. Proc. Ann. art.
26.13(b) (Vernon 1989). The clerk's record, however, contains Davis' written plea of guilty, which
includes Davis' statements that she made her plea knowingly and voluntarily and that, as a part of
her plea agreement, she waived her right to appeal. The trial court then initialed the second page of
the plea form, which finds Davis competent and her plea knowing, intelligent, and voluntary. 

 The record shows the trial court found Davis competent. Davis' contention that the court
made no such determination is thus without merit. We overrule her first point of error.

Was Davis' Plea Voluntary?

 Davis next contends her plea was not voluntary and the trial court therefore erred by
overruling her motion for new trial. Granting or denying a motion for new trial is discretionary with
the trial court. We do not substitute our judgment for the trial court's, but rather decide whether its
decision was arbitrary or unreasonable. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App.
2001); Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

 In Davis' affidavit attached to her motion for new trial, she affirmed that she was under
severe stress at the time she entered her plea and that she had a bipolar condition for which she had
not received her medication. In a supplemental motion filed three days before the trial court ruled,
Davis repeated her affirmation that she had a bipolar disorder. She also included a letter from her
doctor, in which he (1) stated Davis had informed him she experienced errors in judgment during
her court hearing, (2) confirmed she had bipolar disorder, and (3) opined that, because of the
disorder, she was likely to make errors in judgment. 

 The trial court, however, also had before it trial counsel's affirmation that he believed Davis
was competent and that he had fully explained to her the consequences of her plea. In addition, at
the initial plea proceeding, the trial court had the opportunity to observe Davis' demeanor and
responses, concluding that she was competent and able to voluntarily enter a guilty plea. 

 No evidence was presented at the hearing. Defense counsel appeared, but Davis did not. 
Thus, the court was left with the letter, affidavit, and the record from which to reach its decision. 
Conflicting evidence exists. We therefore cannot conclude the trial court abused its discretion in
deciding Davis' plea was voluntary. We overrule this point of error.



Did Davis Have Counsel?

 Davis also contends the trial court erred in denying her motion for new trial because she did
not have counsel. This is inaccurate. The record shows that Davis filed a pro se motion for new trial
on August 1, 2002, and that on August 5 the court set a hearing date of August 9. On August 9,
Davis' counsel appeared, but Davis did not. Counsel filed a motion to withdraw, which the court did
not consider at that time. Instead, the court reset the hearing for August 12. At that time, counsel
again appeared, but Davis again did not. The trial court denied the motion for new trial on August
14 and at that time granted counsel's request to withdraw. 

 This Court has held that the time period for filing a motion for new trial is a critical stage
of a criminal proceeding in which criminal defendants are entitled to assistance of counsel. 
Blumenstetter v. State, No. 06-02-00127-CR, 2003 Tex. App. LEXIS 8387, at *10 (Tex.
App.-Texarkana Sept. 26, 2003, order); Prudhomme v. State, 28 S.W.3d 114, 119 (Tex.
App.-Texarkana 2000, order). When the record does not reflect trial counsel withdrew or was
replaced by new counsel after sentencing, there is a rebuttable presumption trial counsel continued
to effectively represent the defendant during the time period for filing a motion for new trial. Id.;
see Smith v. State, 17 S.W.3d 660, 662-63 (Tex. Crim. App. 2000); Oldham v. State, 977 S.W.2d
354, 363 (Tex. Crim. App. 1998).

 The record shows not only that Davis had counsel, but that counsel appeared for hearings and
that Davis did not request any change in representation. This record does not show that Davis was
unrepresented at any critical juncture in the proceeding. We overrule this point of error.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 26, 2003

Date Decided: October 8, 2003


Do Not Publish



rim. App. 1984) (guilty
plea before jury establishes guilt; evidence of guilt necessary in case of guilty plea before only trial
court, but not where plea before jury); Schumacher v. State, 72 S.W.3d 43, 51 (Tex.
App.—Texarkana 2001, pet. ref'd). Once such a guilty plea is made before the jury, there is no
question on appeal regarding the sufficiency of the evidence to support the conviction. Ex parte
Martin, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988) (op. on reh'g); Schumacher, 72 S.W.3d at 51. 
We overrule Green's first four points of error.
            In his final point of error, Green asserts that he did not plead to the charge contained in
paragraph A of the indictment, but to the charge contained in paragraph B, and that therefore his
conviction was error. Green focuses his argument on the "Stipulation of Evidence" and the evidence
adduced by the State and argues that such evidence tended to prove the charge in the indictment's
paragraph B, not that in paragraph A. Notwithstanding the Stipulation of Evidence and the evidence
adduced by the State, the record reflects Green clearly pled guilty to the charge contained in
paragraph A—which had just been read to the jury immediately before Green's guilty plea and was,
in context, tied to the charge in paragraph A. And, as we have noted above, since Green pled guilty
in the jury's presence, no more evidence than his guilty plea was needed to establish his guilt. We
overrule Green's final point of error.
            We affirm the judgment of the trial court.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 29, 2003
Date Decided:             January 9, 2004

Do Not Publish