In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00135-CR
______________________________


ROBERT LEROY GREEN, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30137-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Robert Leroy Green, Jr., appeals from his jury conviction, on a guilty plea, for burglary of
a building. In his points of error numbered one through four, Green asserts the evidence was legally
and factually insufficient to convict him under state and federal law. In his fifth point of error, Green 
asserts the trial court erred in convicting him because he pled guilty to a count which had been
abandoned by the State. We affirm.
Background
            The indictment contains two charging paragraphs, paragraph A charging that Green 
 
with intent to commit theft, enter[ed] a building or a portion of a building not then
and there open to the public without the effective consent of Donna Stinson, the
owner thereof, 

and paragraph B charging that he 
 
intentionally or knowingly enter[ed] a building and a portion of a building not then
and there open to the public without the effective consent of Donna Stinson, the
owner, and did therein attempt to commit and commit theft of property, to-wit: one
cutting torch, three radios, one paint pump, two flashlights, and three ladders, of
Donna Stinson, the owner. 

After Green told the trial court he would plead guilty to burglary and true to prior enhancement
offenses, the trial court, in the presence of  the  jury,  (1)  had  the  State  elect  to  read  one  of  the
 two  charging  paragraphs  of  the indictment, (2) heard the State read paragraph A of the indictment,
(3) received Green's guilty plea to that count, (4) received Green's true plea to the enhancement
offenses, (5) instructed the jury to find Green guilty, and (6) conducted Green's punishment trial to
the jury. 
Analysis
            In his first four points of error, Green challenges the sufficiency of the evidence to support
his conviction. In felony cases, when the defendant pleads guilty in the presence of the jury, he or
she thereby admits all elements needed to establish guilt and avoids the need for the State to produce
evidence of his or her guilt. Williams v. State, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984) (guilty
plea before jury establishes guilt; evidence of guilt necessary in case of guilty plea before only trial
court, but not where plea before jury); Schumacher v. State, 72 S.W.3d 43, 51 (Tex.
App.—Texarkana 2001, pet. ref'd). Once such a guilty plea is made before the jury, there is no
question on appeal regarding the sufficiency of the evidence to support the conviction. Ex parte
Martin, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988) (op. on reh'g); Schumacher, 72 S.W.3d at 51. 
We overrule Green's first four points of error.
            In his final point of error, Green asserts that he did not plead to the charge contained in
paragraph A of the indictment, but to the charge contained in paragraph B, and that therefore his
conviction was error. Green focuses his argument on the "Stipulation of Evidence" and the evidence
adduced by the State and argues that such evidence tended to prove the charge in the indictment's
paragraph B, not that in paragraph A. Notwithstanding the Stipulation of Evidence and the evidence
adduced by the State, the record reflects Green clearly pled guilty to the charge contained in
paragraph A—which had just been read to the jury immediately before Green's guilty plea and was,
in context, tied to the charge in paragraph A. And, as we have noted above, since Green pled guilty
in the jury's presence, no more evidence than his guilty plea was needed to establish his guilt. We
overrule Green's final point of error.
            We affirm the judgment of the trial court.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 29, 2003
Date Decided:             January 9, 2004

Do Not Publish