Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JORGE CARRERA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-05-00264-CR

Appeal from the

168th District Court

of El Paso County, Texas

(TC# 20040D05804)




O P I N I O N

            This is an appeal from a jury conviction for the offense of aggravated robbery. The jury
assessed punishment at twelve years’ imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. We affirm.
I. SUMMARY OF THE EVIDENCE
            At midday on October 2, 2004, Jose Robles was returning to his apartment in a car driven
by Elias Felix. Felix and his wife had given Robles a ride to get cigarettes, because his Ford
Explorer was inoperative. As they pulled into the apartment complex parking lot, Robles saw a
maroon Bonneville parked next to his Explorer in a parking space that was unassigned, since the
apartment was vacant. As they neared, the horn of the Bonneville sounded. Robles saw an
individual’s head inside his Explorer, in the front passenger seat. Robles had previously locked the
vehicle. He told Felix to stop the car, and he got out and went to his truck. He met the person at the
rear of the Explorer; they came within three feet of each other. The individual, Appellant, had a
screwdriver in his fist, and he made a forceful stabbing motion with the screwdriver, causing Robles
to jump back. The Bonneville was backing out, and Appellant got inside, behind the driver. Robles
attempted to open the car door, but it was locked. He tried to open the door by putting his hand on
the partially open door window. Appellant jabbed at Robles’s hand with the screwdriver and slightly
punctured Robles’s hand between two fingers.
            Along with Appellant, there were three other people in the Bonneville. The car drove off and
Robles got back in the Felixes’ vehicle in order to follow the Bonneville. They were unable to do
so, and they called the police. Appellant had taken a toolbox and a radio from the inside of Robles’s
Explorer.
            During the course of the police investigation, Robles was shown a picture of the Bonneville,
and he was able to identify it as being the car he saw at the robbery. He was also shown several
photographic lineups, and he was able to identify the Appellant in one of the lineups. Robles
testified that he was in close proximity to Appellant during the incident, and, since it was daylight,
he was able to get a good look at him.
            The State called Zulema Carrera, Appellant’s mother, as a hostile witness. She testified that
Appellant and Julio Carrera were twins. She explained that Julio Carrera had been deported on June
30, 2004. She stated that he had returned to the United States on various occasions, but she was
unsure of the times of his crossings. Zulema testified that, while the twins look similar, people who
do not know them are able to tell them apart.
            Elias and Anabel Felix both testified that they took Robles to the store to get cigarettes. 
Upon returning to the apartment, they saw an individual inside Robles’s car. Robles got out of the
Felixes’ car and tried to stop the person who was in his car. That individual tried to stab Robles with
a screwdriver to get him away from the car. The Felixes and Robles tried to follow the car, but were
unsuccessful, so they returned to call the police.
II. DISCUSSION
            In Issue No. One, Appellant contends that the State violated his due process rights under the
State and Federal Constitutions by commenting on his right to silence during the State’s voir dire
examination. Further, Appellant contends that the State committed prosecutorial misconduct during
the questioning of a witness by referring to “tricks” utilized by defense counsel. During the State’s
portion of the voir dire examination, State’s counsel made the following comments:
STATE:See, those are some reasons why a defendant may not want to testify,
okay. They’re on trial for their lives. They’re not like you standing
up in front of 70 people they’ve never met, okay. When they take that
stand it could be that they’re nervous, it could be that they’ve got
shaky hands, could be they’ve got some sort of voice condition that
could be misinterpreted, right? It could be that they’re offended by
this whole process and how dare the State charge them with anything,
and they’re not going to dignify it with a response. It could be that
their defense attorney told them, no, you’re not going to testify, or, it
could be in the end that they’re just plain guilty, okay. It could be any
of these things. And you don’t know, okay? And you don’t know. 
But they have that right not to testify and there are good reasons for
it. 

            Appellant contends that these comments constituted an impermissible comment on an
accused’s failure to testify.


 However, we note that Appellant failed to object to the complained-of
comments. Failure to object to a question at voir dire fails to preserve any appellate claim regarding
that issue. Halprin v. State, 170 S.W.3d 111, 120 (Tex. Crim. App. 2005); Tex. R. App. P. 33.1(a).
            Next, Appellant points to the following exchange at trial during the testimony of the
complaining witness, Jose Robles:
STATE:First, this morning when we were talking, what did I tell you was the
only thing I ever wanted out of your mouth?
 
WITNESS:The truth.
 
STATE:Okay. Now, did I also spend a significant amount of time talking
about trick questions that defense attorneys commonly use during
trials?
 
DEFENSE:Your Honor, I’m going to object to that sidebar.
 
COURT:I’ll sustain that.
 
STATE:Specifically, did I tell you that commonly what is asked by defense
attorneys is, did you talk to the prosecutor in this case?
 
WITNESS:Yes, sir. 

            The general rule for presenting a complaint for appellate review is a showing in the record
(1) that the complaint was made to the trial court by a request, objection, or motion that was timely
and sufficiently specific to make the trial court aware of the grounds of the complaint and (2) that
the trial court ruled adversely, or refused to rule, despite objection. Schumacher v. State, 72 S.W.3d
43, 47 (Tex. App.--Texarkana 2001, pet. ref’d) (citing Tucker v. State, 990 S.W.2d 261, 262 (Tex.
Crim. App. 1999)). An objection which is sustained, standing alone, does not constitute an “adverse
ruling.” If his objection is sustained, counsel must then ask for an instruction to disregard, and, if
that instruction is given, counsel must then move for a mistrial. Nethery v. State, 692 S.W.2d 686,
701 (Tex. Crim. App. 1985). Failure to pursue the objection to an adverse ruling results in the error
not being preserved for appeal. Tex. R. App. P. 33.1; Ramirez v. State, 815 S.W.2d 636, 643 (Tex.
Crim. App. 1991). This complaint was not pursued to the level of an adverse ruling, because
Appellant did not request an instruction to disregard. The complaint on appeal was not preserved
for appellate review.
            Furthermore, we note that, after Appellant’s objection was sustained in the first instance, he
allowed the same question to be asked without lodging another objection, thereby waiving any
objection on appeal. See Montes v. State, 870 S.W.2d 643, 645-46 (Tex. App.--El Paso 1994, no
pet.). Issue No. One is overruled.
            In Issue No. Two, Appellant asserts that the trial court abused its discretion by allowing
testimony from Appellant’s mother, thereby eliciting evidence that had a prejudicial effect that far
outweighed its probative value. Specifically, Appellant argues that the purpose of his mother’s
testimony was to prejudice the jury by showing that Appellant’s family was in violation of the law
by entering the country illegally and that the use of the mother as a witness was more prejudicial than
it was probative. Again, we note that no objection to Zulema Carrera’s testimony was lodged on
either basis. During the course of her testimony, Appellant lodged two objections: (1) that the
prosecutor was asking leading questions; and (2) that the prosecutor asked a compound question. 
The objection must state the ground for the ruling that the complaining party seeks from the trial
court with sufficient specificity to make the trial court aware of the complaint, unless the specific
grounds are apparent from the context. The issue on appeal must correspond to the objection made
at trial. Lozano v. State, 958 S.W.2d 925, 930 (Tex. App.--El Paso 1997, no pet.). Here, neither
requirement was met, and Appellant has failed to preserve the issue on appeal. Issue No. Two is
overruled.
            In Issue No. Three, Appellant maintains that the State violated his rights to a fair trial and due
process by interjecting inadmissible extraneous evidence before the jury. At the punishment stage
of trial, the State presented evidence of three misdemeanors and one state jail felony. Appellant then
called Zulema Carrera, his mother, to the stand in order to demonstrate that the crimes were property
offenses and that Appellant was not prone to violence.
            During cross-examination, the prosecutor questioned the mother about other offenses
committed by Appellant. Specifically, she was asked whether she was aware of a disorderly conduct
conviction on November 16, 2001. She stated she was not aware of that conviction. She stated that
he had been fined for failure to appear regarding that charge. She testified that she was unaware of
a June 6, 2003 public intoxication conviction, and she did not know about a charge of possession of
marijuana, which had been dismissed pursuant to a plea bargain. Ms. Carrera stated that she was
aware that Appellant had been convicted of burglary of a habitation as a juvenile, but she did not
know of an arrest for engaging in organized criminal activity in 2000.
            During closing argument, the prosecutor enumerated the specific offenses that Appellant had
committed, as admitted by his mother. The juvenile burglary of habitation and the failure to appear
offense were mentioned. The prosecutor then stated that Appellant’s mother was unaware of the
conviction for public intoxication, stating, “He’s got these offenses right here.” The following
exchange then occurred:
DEFENSE:Your Honor, I’m going to object. Those things that he’s referring to
were never put into evidence.
 
COURT:What things?
 
DEFENSE:Public intoxication, burglary of habitation.
 
STATE:There’s testimony from the mother that the defendant was detained
in the juvenile justice system for the offense of burglary of a
habitation. 
 
COURT:All right.
 
DEFENSE:He’s speaking of conviction for things, and that was never introduced
into evidence.
 
COURT:Clarify, please.
 
STATE:For clarification, we do not have a conviction on the burglary of
habitation while he was a juvenile. We don’t have that. But it is
something worth considering.
 
DEFENSE:Or the public intoxication.
 
COURT:Clarify, please.
 
STATE:Actually, I believe the mother did testify that he was convicted. 
 
DEFENSE: I believe the mother did not, sir.
 
COURT:Ladies and Gentlemen of the Jury, you will recall what the mother
testified to. Let’s move on. 

            Initially, we note that Appellant has failed to preserve this contention on appeal. A defendant
must object to an allegedly improper jury argument and pursue the objection to an adverse ruling in
order to preserve his right to complain about the argument on appeal. Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996). A nonspecific comment by the court such as “the jury would
remember the evidence” does not equate to a ruling on the objection. DeRusse v. State, 579 S.W.2d
224, 235 (Tex. Crim. App. 1979); Mayberry v. State, 532 S.W.2d 80, 84 (Tex. Crim. App. 1976). 
Accordingly, this issue is not properly before us on appeal.
            However, even if Appellant had preserved error, we find the error to be harmless. If evidence
of extraneous offenses is properly before the fact finder at the punishment stage of trial, the
prosecutor may argue that such offenses should be considered in the assessment of punishment. 
Arthur v. State, 11 S.W.3d 386, 393 (Tex. App.--Houston [14th Dist.] 2000, pet. ref’d).
            The State concedes that there was no evidence of the public intoxication charge before the
jury, but it contends that the error was harmless. We agree. In his instance, we review the effect of
the harm under the non-constitutional error provision found in Tex. R. App. P. 44.2(b). Klock v.
State, 177 S.W.3d 53, 65 (Tex. App.--Houston [1st Dist.] 2005, pet. ref’d). A non-constitutional
error “that does not affect substantial rights must be disregarded.” Id. We balance the following
three factors in making the determination regarding whether harm has occurred: (1) The severity of
the misconduct, that is, its prejudicial effect; (2) curative measures taken; and (3) the certainly of
conviction or punishment absent the misconduct. Id.
            Regarding the severity of the misconduct, we find that it was not severe. The public
intoxication offense was minor, compared to the array of other offenses before the jury, and it does
not appear that the prosecutor dwelt on that charge. While there were no curative measures taken,
the certainly of the punishment, absent the misconduct, was great. Aggravated robbery is punishable
by five to ninety-nine years’ imprisonment and a fine not to exceed $10,000. Tex. Penal Code
Ann. §§ 29.03(b) and 12.32(a) and (b) (Vernon 2003). Appellant received a sentence of twelve
years’ imprisonment. Given the extensive prior criminal history that was properly before the jury,
we find that the error was harmless. Issue No. Three is likewise overruled.
            We affirm the judgment of the trial court.

                                                                        KENNETH R. CARR, Justice

March 15, 2007

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)