

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-23-00553-CR & 04-23-00554-CR

Frank **VELASQUEZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 19-04-08010-MCR
Honorable Elma T. Salinas-Ender, Judge Presiding

Opinion by:  Rebeca C. Martinez, Chief Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: June 20, 2024

AFFIRMED

Appellant Frank Velasquez, Jr. was convicted of two counts of aggravated sexual assault of a child (under six years old) and sentenced to twenty-five years' confinement. On appeal he argues (1) the State's failure to disclose the indictment and prosecution of a purported material witness denied him due process; (2) the trial court erred by refusing to grant a stay of trial for the investigation of the purported material witness; and (3) Appellant was denied due process when the State knowingly failed to correct allegedly perjured testimony by a witness. We overrule Appellant's issues and affirm.

**BACKGROUND**

Appellant was charged with three counts of aggravated sexual assault of a child. According to trial testimony, the child victim made an outcry to her mother in Eagle Pass, Texas on January 3, 2018. The mother then contacted the Maverick's County Sheriff's Office, and Investigator Pedro Hernandez responded. Several days later, the child victim, her mother, two siblings, Hernandez and Investigator Fernando Chacon transported the child victim from Eagle Pass to Uvalde, Texas, for the child victim to be seen by a forensic interviewer. The day after the interview, Hernandez, Chacon, and a Texas Ranger arrested Appellant without incident.

On November 12, 2021, the State filed a witness list, which showed twenty-one anticipated witnesses. On December 20, 2022, the State filed an amended witness list, reducing the number to eleven. Chacon was listed on the first but not the second witness list.

On January 9, 2023, Appellant filed an "Ex parte Notice of Brady and Michael Morton Violations and Motion for Stay." Appellant asserts in the motion, he "believes that a substantial portion of the changes regarding to the State's [amended] witness list lies in the prosecution of Fernando Leonel Chacon, Jr. in United States of America v. Fernando Leonel Chacon, Jr., Cause Number DR-21CR-01700-AM in the Western District of Texas – Del Rio Division." Appellant attached to his motion Chacon's indictment from the referenced federal case. Chacon's indictment, filed on October 27, 2021, shows that he was charged with wire fraud and bribery in connection with an alleged scheme by which Chacon used his position with the Maverick County Sheriff's Office to remove warrants and to query law-enforcement databases in exchange for money. The indictment lists Chacon's employment with the Maverick County Sheriff's Office "from on or about November 1, 2014 until on or about October 1, 2021."

Appellant asserts by his motion that the State failed to provide disclosures required by *Brady v. Maryland*, 373 U.S. 83 (1963) and the Texas Code of Criminal Procedure article 39.14.

Counsel for Appellant notified the court of his intention to complain to the "Chief Disciplinary Counsel of the State Bar of Texas" of perceived professional violations by the State's attorneys. Appellant "request[ed] a continuance in order that a complete investigation of this matter be performed" and that the continuance "run until such time [as] these violations have been addressed by the Office of the Texas Bar Chief Disciplinary Counsel."

The trial court denied Appellant's motion for stay without a hearing. A jury trial then commenced on January 23, 2023. The jury found Appellant guilty on two of the three counts, and Appellant's punishment was assessed at twenty-five years' imprisonment. Appellant timely appealed.

**APPELLANT'S FIRST AND SECOND ISSUES**

Appellant briefed his first two issues together. By his first issue, Appellant asserts he was denied due process by the State's failure to disclose Chacon's federal indictment and prosecution. By his second issue, Appellant asserts the trial court erred by refusing to grant a stay for an investigation of Chacon.

## Applicable Law and Standard of Review

In *Brady v. Maryland*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87; *see also Ex parte Lalonde*, 570 S.W.3d 716, 724 (Tex. Crim. App. 2019). "Thus, *Brady* is violated when three requirements are satisfied: (1) the State suppressed evidence; (2) the suppressed evidence is favorable to the defendant; and (3) the suppressed evidence is material." *Lalonde*, 570 S.W.3d at 724.

"Incorporated into the third prong, materiality, is a requirement that [the] defendant must be prejudiced by the state's failure to disclose the favorable evidence." *Id.* (alteration in original)

(quoting *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006)). When the *Brady* material is discovered during or just before trial, the initial inquiry is whether the defendant was prejudiced by the delayed disclosure. *Perez v. State*, 414 S.W.3d 784, 789–90 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Cohen v. State*, 966 S.W.2d 756, 763 (Tex. App.—Beaumont 1998, pet. ref'd). To show prejudice, the defendant must show a reasonable probability that, had the evidence been disclosed earlier, the result of the proceeding would have been different. *Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). The disclosure of *Brady* material during or just before trial satisfies the requirements of due process "[i]f the defendant received the material in time to put it to effective use at trial." *Palmer v. State*, 902 S.W.2d 561, 565 (Tex. App.—Houston [1st Dist.] 1995, no pet.); *see also Little*, 991 S.W.2d at 866 ("If the defendant received the material in time to use it effectively at trial, his conviction should not be reversed just because it was not disclosed as early as it might have and should have been.").

The State's obligation to disclose evidence under Texas Code of Criminal Procedure article 39.14 "is much broader" than the constitutional obligations imposed by *Brady*. *Watkins v. State*, 619 S.W.3d 265, 277 (Tex. Crim. App. 2021). Article 39.14 places upon the State an affirmative duty to disclose any exculpatory, impeachment, or mitigating document, item, or information in its possession, custody, or control that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(h).

If the State violates article 39.14 by not turning over evidence, we must conduct a harm analysis. *See Watkins*, 619 S.W.3d at 291; *Sopko v. State*, 637 S.W.3d 252, 256 (Tex. App.—Fort Worth 2021, no pet.). Texas Rule of Appellate Procedure 44.2(b) requires us to disregard any nonconstitutional error that does not affect an appellant's substantial rights. TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or

influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

A motion for continuance is regulated by statute. *See* TEX. CODE CRIM. PROC. ANN. arts. 29.01–29.14. "The granting or denying of a motion for continuance is within the sound discretion of the trial court." *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006); *see also* TEX. CODE CRIM. PROC. ANN. art. 29.06(6) (noting that motion for continuance "shall not be granted as matter of right"). To establish reversible error in the denial of a motion for continuance, a defendant must demonstrate both that the trial court erred in denying the motion and that the lack of a continuance harmed him. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). A trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside "the zone of reasonable disagreement," *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002), or is "arbitrary or unreasonable," *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

**Discussion**

Appellant discovered Chacon's federal indictment two weeks prior to trial through his counsel's diligence. Assuming Chacon's federal indictment qualifies as *Brady* material, we hold Appellant has not established that the State's failure to disclose the matter prejudiced him.

Appellant appears to argue prejudice *per se*. The nearest his brief comes to an analysis of prejudice is the following: "When prosecutors fail to inform defense counsel of investigatory participants under indictment and when trial courts prevent defense counsel from an investigation of the matter, the spirit of *Brady* and its progeny is irrevocably broken."[1] However, "[t]o prevail

---

[1] Elsewhere in his brief, Appellant alludes to the difficulty of establishing prejudice: "The failure to disclose the federal indictment of a law enforcement official can hardly be accurately estimated. This is particularly true when a trial court prevents defense counsel the opportunity to adequately investigate the matter."

under *Brady*, the defendant must be able to show prejudice — 'that the outcome of the proceeding would have been different had [the information] been disclosed earlier.'" *Garcia v. State*, No. 04-03-00404-CR, 2004 WL 2871750, at *12 (Tex. App.—San Antonio Dec. 15, 2004, pet. ref'd) (not designated for publication) (quoting *Little*, 991 S.W.2d at 867). Appellant complains that the late revelation of Chacon's federal indictment prevented him from conducting an investigation of the matter. However, any specifics as to what an investigation would reveal or how the revelation of Chacon's indictment two weeks prior to trial affected Appellant's strategy or trial preparation were not developed at trial or through any post-trial hearing or motion. Nor were such specifics even discussed in Appellant's brief or trial-court motion. Consequently, Appellant has not shown that he was prevented from effectively using information concerning Chacon's indictment at trial or that the outcome of trial would have been different had the information been disclosed earlier. *See Little*, 991 S.W.2d at 867. Likewise, regarding article 39.14, Appellant has not established a substantial and injurious effect or influence on the jury's verdict from the late discovery of Chacon's federal indictment. *See* TEX. R. APP. P. 44.2(b); *King*, 953 S.W.2d at 271.

Appellant also has not established a substantial and injurious effect or influence on the jury's verdict from the denial of his motion for stay, even if we were to assume error. *See* TEX. R. APP. P. 44.2(b); *Gonzales*, 304 S.W.3d at 843 ("A defendant must demonstrate both that the trial court erred in denying the motion [for continuance] and that the lack of a continuance harmed him."). Harm from the absence of more preparation time "can ordinarily be made only at a hearing on a motion for new trial, because almost always only at that time will the defendant be able to produce evidence as to what additional information, evidence or witnesses the defense would have had available." *Gonzales*, 304 S.W.3d at 842–43 (quoting George E. Dix & Robert O. Dawson, 42 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 28.56 (2d ed. 2001), at 532–33).

Appellant did not develop a record at a post-trial hearing and, more generally, he has not specified how he was harmed by the absence of more preparation time.

In short, Appellant has not provided us with any argument, supported by apposite authority and record citations,[2] to suggest that, had any information been disclosed earlier, the result of the trial proceeding would have been different, *see Little*, 991 S.W.2d at 866, or that late discovery of the information or the failure to grant a stay had any substantial and injurious effect or influence on the jury's verdict, *see King*, 953 S.W.2d at 271. Consequently, we must overrule Appellant's first and second issues due to his failure to establish prejudice and harm. *See* TEX. R. APP. P. 44.2(b); *Little*, 991 S.W.2d at 866; *King*, 953 S.W.2d at 271.

### APPELLANT'S THIRD ISSUE

By his third issue, Appellant argues the State denied him due process when it knowingly failed to correct its witness's perjured testimony. The Due Process Clause of the Fourteenth Amendment can be violated when the State uses false testimony to obtain a conviction, even if it does so passively by failing to correct perjured testimony from its witness. *Ex parte Robbins*, 360 S.W.3d 446, 459 (Tex. Crim. App. 2011) (citing U.S. CONST. amend. XIV); *Ex parte Castellano*, 863 S.W.2d 476, 479–80 (Tex. Crim. App. 1993).

Appellant argues he was denied due process because the State knowingly failed to correct Hernandez's alleged perjury. Hernandez testified:

[Defense counsel:] And is Mr. Chacon still a member of the sheriff's department?

[Hernandez:] He's not, sir.

[Defense counsel:] Okay. Do you know why?

[Hernandez:] I sure don't.

---

[2] *See* TEX. R. APP. P. 38.1(i) ("[Appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

Appellant argues Maverick County Sheriff's Office is a small office; Hernandez was an investigator with the office; "Chacon was indicted, arrested, and booked into custody by federal marshals;" "Chacon was subsequently dismissed from the small Maverick County Sheriff's Office;" and "[a]n investigator's knowledge of the reason for the absence of Chacon's [sic] is axiomatic." Further, citing to *Napue v. Illinois*, 360 U.S. 264 (1959), Appellant argues Hernandez's purportedly false testimony related to his credibility, which the State had an obligation to correct.

We overrule Appellant's issue because he failed to preserve it. To preserve an issue for review, an appellant must present to the trial court a timely request, objection, or motion stating the specific grounds for his complaint. TEX. R. APP. P. 33.1; *see also Castillo v. State*, No. 04-11-00422-CR, 2013 WL 781776, at *12–13 (Tex. App.—San Antonio Mar. 1, 2013, pet. ref'd) (mem. op., not designated for publication) (holding complaint that State used perjured testimony was not preserved); *Haliburton v. State*, 80 S.W.3d 309, 315 (Tex. App.—Fort Worth 2002, no pet.) (same). Appellant did not object to Hernandez's allegedly false testimony immediately after it was made, and Appellant has not directed us to any objection ever made to the trial court regarding the testimony. Moreover, Appellant has offered no excuse for his failure to object. *Cf. Estrada v. State*, 313 S.W.3d 274, 288 (Tex. Crim. App. 2010) (holding failure to object was excused because defendant could not have reasonably known that testimony was false when made).[3]

Even if we consider the issue on the merits, it fails because Appellant did not carry his burden of showing the testimony used by the State was in fact perjured. *See Losada v. State*, 721 S.W.2d 305, 311 (Tex. Crim. App. 1986) (placing burden on defendant). Appellant asserts on appeal that "Chacon was indicted, arrested, and booked into custody by federal marshals" and

---

[3] We note that Appellant knew about Chacon's federal indictment when Hernandez testified because Appellant attached the indictment to his pre-trial motion for stay.

"was subsequently dismissed from the small Maverick County Sheriff's Office." However, nothing in the record shows when Chacon was arrested and whether he was still employed by the Maverick County Sheriff's Office at the time of his arrest. Similarly, nothing in the record shows that Hernandez was informed or would be in a position to know the reason for Chacon's employment separation. Evidence as to these matters could have been made part of the record during trial itself or during a hearing on a motion for new trial. *See Schumacher v. State*, 72 S.W.3d 43, 50–51 (Tex. App.—Texarkana 2001, pet. ref'd).[4] In this case, however, there was no record made to support Appellant's contentions that the State failed to correct Hernandez's allegedly perjured testimony; therefore, Appellant has not carried his burden to show that the testimony used by the State was in fact perjured. *See Losada*, 721 S.W.2d at 311.

## CONCLUSION

We affirm the trial court's judgments.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[4] A record can also be developed through a writ of habeas corpus. *See Schumacher v. State*, 72 S.W.3d 43, 50–51 (Tex. App.—Texarkana 2001, pet. ref'd); *see also Napue v. Illinois*, 360 U.S. 264, 267 (1959) (describing post-conviction petition and hearing to develop record as to false testimony).